## FENWICK HALL CO. v. TOWN OF OLD SAYBROOK.

(Circuit Court, D. Connecticut.   March 12, 1895.)

No. 826.

**1.** INJUNCTION—DISSOLUTION OF RESTRAINING ORDER—BILL FOR DISCOVERY.

A mere temporary restraining order, granted ex parte, may be dissolved on motion before answer filed, even where the bill is one for discovery or disclosure; and, even if the rule were otherwise, it would not apply, where the motion to dissolve admits the truth of the allegations as to which discovery is asked, and where the matters sought to be disclosed would not be material to the trial.

**2.** FEDERAL COURTS—ENJOINING PROCEEDINGS IN STATE COURTS.

The statute forbidding federal courts to enjoin proceedings in state courts (Rev. St. § 720) applies to a case in which it is sought to enjoin a town from levying upon and selling property for the purpose of collecting an assessment of benefits for the layout of a highway, which assessment the state court, pursuant to the state statutes, has ordered to be collected in the manner pursued in the collection of the town taxes; and it is immaterial that the town proposes, as alleged, to use the money for an unlawful purpose.

This was a bill by the Fenwick Hall Company against the town of Old Saybrook for injunction and discovery.

Seymour & Knapp, for complainant.

Lewis E. Stanton, for defendant.

TOWNSEND, District Judge.   Motion to set aside an order granted ex parte, restraining the defendant from levying on and selling a certain hotel belonging to the orator.   The material facts are as follows:   William L. Matson and others, having brought an application to the superior court for Middlesex county, in this state, for the layout of a highway, obtained judgment therefor against the orator and defendant herein, and an order for the assessment of benefits, and for the collection of the same, including the sum of $5,872.10, against the orator herein.   Said order directed that said assessments be collected, and said collection be enforced, in the same manner as in the case of collection of town taxes. This is the method of collection provided also by statute in such cases.   The defendant claims that this court has no jurisdiction to stay these proceedings, under section 720 of the Revised Statutes of the United States, which is as follows:

"The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

The orator resists the motion.   The preliminary objection made is that courts will refuse to dissolve an injunction, granted on a bill for discovery or disclosure, until after answer.   I do not understand that the practice under said alleged rule prevents the court from inquiring into the merits of the action, especially in a case where a mere temporary restraining order has been granted ex parte, and without any such previous opportunity.   Such order merely suspends proceedings until the court can have an opportu-

nity to inquire as to whether any injunction should be granted. Where a want of equity appears on the face of the bill, the court will set aside an injunction upon motion, at any time. 1 Fost. Fed. Prac. 385. But even if it be assumed that the rule is as claimed, and that it is applicable to a mere restraining order, it would not apply where the motion to set aside the order admits the truth of the allegations as to which discovery is asked, and where the matters sought to be discovered would not be material at the trial. White v. Steinwacks, 19 Ves. 83.

It is next suggested that said statute is not applicable in cases where there can be no clash of authority between the state and federal courts. In this case, however, it appears that the state court has ordered that the work should be done on or before a certain date. It is no answer to say, in this proceeding, that said order was beyond the jurisdiction of said court. The effect of a permanent injunction, if granted, would be to forbid the defendant town doing the act which the state court has expressly ordered it to do, and would bring about the very result which it was the object of the statute to prevent. The chief argument in opposition to the motion is based upon the claim "that under the guise of laying out and constructing a highway, which is of public convenience and necessity, the defendant, the town of Old Saybrook, is in fact endeavoring to collect an assessment of benefits, so called, not for the layout or construction of said highway, but for the purpose of depositing the money thus collected in a savings bank. that the principal and interest may be applied at some future date, not to the construction, but to the repair and maintenance, and possible reconstruction, of this highway. This is, in effect, an argument that this court should enjoin the defendant from obeying the order of the state court, because it proposes, after having obeyed it, to do some illegal act. This is not a matter with which this court is concerned, or over which it has jurisdiction. A consideration of the various matters presented in the brief of counsel for the orator has failed to show that there is any sufficient ground to support a denial of the motion or to authorize the grant of an injunction. The judgment of the court which first acquired jurisdiction of the cause is binding upon this court, and the rights acquired thereunder cannot be affected by proceedings in another suit by one of the parties in the former cause. Such jurisdiction continues until the judgment is satisfied. 1 Fost. Fed. Prac. 347 et seq. In these circumstances, there being no federal question involved, the granting of an injunction would be in direct violation of the prohibition of the statute. The rule in such cases, and the reasons therefor, are fully discussed in the following cases: Hemsley v. Myers, 45 Fed. 283, 289; Covell v. Heyman, 111 U. S. 176, 4 Sup. Ct. 355; Bank v. Hazard, 49 Fed. 293. The motion to set aside the restraining order is granted.