### GREEN v. PORTER et al.

(Circuit Court, D. Massachusetts. May 15, 1903.)

No. 1,691.

1. COURTS—INJUNCTION IN STATE COURT—COUNTER INJUNCTION IN FEDERAL COURT—REFUSAL.

Where a party obtained from a state court an injunction forbidding the plaintiff in a patent infringement suit in a federal court to assign or release his claim, a counter injunction sought by plaintiff in the federal court will be refused, on account of the comity existing between federal and state courts, and the confusion which would result from conflicting decrees.

2. SAME.

It seems that federal courts would not allow state courts to restrain the prosecution of suits relative to the infringements of patents, over which federal courts have exclusive jurisdiction; but no practical difficulty of that nature now arises.

In Equity.

Daniel L. Smith, for complainant.
Ira D. Van Duzee, for defendants.

PUTNAM, Circuit Judge (orally). This question arises on a demurrer to a bill in equity brought by Nelson W Green against Henry K. Porter, administrator of the estate of Thomas W. Porter, deceased, and Ira D. Van Duzee. The hearing is now on the bill and demurrer. It appears that Nelson W. Green has pending in this court certain suits against various parties, claiming damages for infringement of a certain patent or patents issued to him for an invention. It also appears that the defendants in the present bill, or one of them, have filed a bill in the Supreme Judicial Court of Massachusetts, and have obtained an injunction against Nelson W. Green in reference to these infringement suits, the details of which injunction it is not necessary to state. The present bill is brought for the purpose of obtaining a counter injunction. Such an injunction is never granted because of the usual comity between the federal courts and the state courts, and because if counter injunctions were granted parties would never know which court they should obey, and would be in danger of being imprisoned for contempt whichever way they turned.

Probably the Supreme Judicial Court of the state of Massachusetts had jurisdiction to grant relief for the complainant in that court so far as necessary to secure a lien on the proceeds of the litigation in this court, for the purpose of liquidating the claims which Thomas W. Porter had against Mr. Green, if he had any. To what extent the Supreme Judicial Court of Massachusetts could go in that particular it is not necessary to determine at the present time, because as yet no practical difficulty has arisen, and that court has not undertaken to prevent the prosecution of the infringement suits in this court. It has only sought to enjoin the assignment or release by Mr. Green of his claims in suit.

Inasmuch as the federal courts have exclusive jurisdiction over suits for the infringement of patents issued for inventions, they would not permit other courts to restrain absolutely the prosecution of such suits, and, if any other court undertook to proceed for contempt for such prosecution, they would ordinarily release on habeas corpus parties against whom attachments issued for contempt. The Supreme Judicial Court of Massachusetts has not undertaken to do anything of this nature. If it should, what is now suggested would become a practical question for more definite consideration. So far as the injunction of the Supreme Judicial Court is concerned, in the form in which it is issued, if Mr. Green, as plaintiff in the infringement suits, desires to take any action with reference to them which he fears would contravene the letter or the spirit of the injunction issued against him, whether such action be by way of assignment or release or settlement of any judgment, or in any way which may concern their prosecution or settlement, he could apply to this court for its approval of such action as he desires to take. No doubt, if this court should approve any proposition which he makes in that respect, the Supreme Judicial Court of Massachusetts would acquiesce in the approval, and thereupon Mr. Green could proceed with safety in carrying out the proposed arrangement, whatever it may be. If the Supreme Judicial Court of Massachusetts refuses to concur, then this court will ascertain and determine its rights.

Meanwhile, inasmuch as there is at present no practical question presented for action by this court, and as the court desires to proceed with great care and consideration, and as no harm can be done by retaining the present bill and the demurrer for future advisement, the order will be as follows:

Ordered: The consideration of the bill in this case and the demurrer thereto is postponed until further order, without prejudice.