SECURITY TRUST CO. OF CAMDEN, N. J., v. UNION TRUST CO. et al.

(Circuit Court, E. D. Pennsylvania. December 30, 1904.)

No. 22.

1. FEDERAL AND STATE COURTS—CONFLICTING JURISDICTION.

Where a state court had assumed jurisdiction of a suit for the foreclosure of a railroad mortgage, had appointed a receiver, and entered a decree directing a sale, and had power to grant complainants relief with reference to certain rolling stock on which they claimed a lien, etc., a federal court would not thereafter assume jurisdiction of complainants' bill to declare and enforce such lien.

2. SAME—STATUTES—INJUNCTION.

Rev. St. § 720 [U. S. Comp. St. 1901, p. 581], prohibiting the issuance of an injunction by United States courts to stay proceedings in any state court, except in bankruptcy cases, prohibits the issuance of an injunction or restraining order against proceedings in a state court from the commencement of the suit until the judgment or decree is satisfied.

[Ed. Note.—Federal courts restraining proceedings in state courts, see notes to Garner v. Second Nat. Bank, 16 C. C. A. 90; Central Trust Co. v. Grantham, 27 C. C. A. 575; Copeland v. Bruning, 63 C. C. A. 437.]

In Equity.

James W. M. Newlin, for complainant.
Wm. S. Hammond and D. L. Krebs, for respondents.

HOLLAND, District Judge. This is a bill in equity filed in this district to restrain the Union Trust Company, trustee, one of the defendants, from selling certain property under a decree of the court of common pleas of Clearfield county. Defendants demur to the bill upon the ground that the court of common pleas of Clearfield county, Pa., sitting in equity, long prior to the commencement of the complainant's suit in this bill, took complete jurisdiction of the subject-matter set forth in the bill of complaint, and that the complainant has a complete remedy at law. The facts necessary to an understanding of this case, so far as can be gathered from the bill filed, are as follows: The Altoona & Philipsburg Connecting Railroad Company executed a mortgage on June 1, 1893, upon its property and leased lines to the Union Trust Company, trustee. A judgment nisi was entered thereon April 24, 1904, for the sum of $366,675, and a decree made to sell the said property, together with the rolling stock, unless the same was paid by the defendants therein on or before June 1, 1904. Frank McCulley was appointed receiver of the Altoona & Philipsburg Connecting Railroad Company and the Pittsburg, Johnstown, Ebensburg & Eastern Railroad Company by the said court of common pleas of Clearfield county, and obtained a rule in said court on parties interested to show cause why the said railways and rolling stock claimed by the complainant in this bill should not be placed in his possession, which rule was returnable Thursday, May 12, 1904. This rolling stock used by the Altoona & Philipsburg Connecting Railroad Company and the Pittsburg, Johnstown, Ebensburg & Eastern Railroad Company is claimed by the complainant, as trustee for certain car-trust certificates created under certain agreements, by which these railroad companies leased this

rolling stock subject to the rights of the complainant, trustee for the trust certificates. The relief prayed for in this bill is that the defendants, or any of them, be enjoined from further proceeding under the bill in equity in the court of common pleas of Clearfield county until this court shall make a suitable decree identifying the complainant's rolling stock upon the lines of these railways and protect the complainant from sale of this rolling stock; (b) requiring the companies to furnish a complete inventory of the rolling stock; (c) to determine the lease now existing for said rolling stock, and to require the defendants to answer generally; and such other relief as the court may deem proper.

Upon the demurrer being filed the complainant moved to amend so as to alter its bill, and, instead of alleging that the decree of the court of common pleas of Clearfield county directs the sale of its rolling stock, it now asserts, in its amended bill, that the decree of the Clearfield county court does not direct the sale of the rolling stock, but that the defendant the Union Trust Company, notwithstanding this fact, has threatened to sell this rolling stock under said decree. The defendants oppose this amendment. The result, however, will not be different even if the amendment be allowed. The Clearfield county court has assumed jurisdiction of this whole subject-matter, and has ample power to grant complainant the relief sought in its bill. It is a matter arising out of the foreclosure proceedings in Clearfield county, and, as that court has obtained jurisdiction or possession of the cause, it should retain it throughout to the exclusion of all other courts. The case of Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27, 28 L. Ed. 145, is directly in point. See, also, Covell v. Heyman, 111 U. S. 176, 4 Sup. Ct. 355, 28 L. Ed. 390, and Freeman v. Howe, 65 U. S. 450, 16 L. Ed. 749. Section 720 of the Revised Statutes [page 581, U. S. Comp. St. 1901] prohibits the issuing of an injunction by any United States court to stay proceedings in any court of a state, except in bankruptcy cases. Under this section it has been held that, where a federal court and a state court have jurisdiction, the tribunal whose jurisdiction first attached holds it to the exclusion of the other until its duty is fully performed and the jurisdiction involved is exhausted. Harkrader v. Wadley, 172 U. S. 148, 19 Sup. Ct. 119, 43 L. Ed. 399. This section applies to prevent the issuing of an injunction not only to a state court, but it prohibits a restraining order against parties to the suit in a state court. Dial v. Reynolds, 96 U. S. 340, 24 L. Ed. 644; Wagner v. Drake (D. C.) 31 Fed. 851; Peck v. Jenness, 48 U. S. 625, 12 L. Ed. 841; Diggs v. Wolcott, 8 U. S. 179, 2 L. Ed. 587. The prohibition extends not only to the proceedings in a state court up to and including the final judgment, but to the entire proceedings from the commencement of the suit until the execution issued on the judgment or decree is satisfied. Wayman v. Southard, 23 U. S. 1, 6 L. Ed. 253; Leathe v. Thomas, 97 Fed. 136, 38 C. C. A. 75; Fenwick Hall Co. v. Town of Old Saybrook (C. C.) 66 Fed. 389.

The bill, as originally filed, alleges the threatened sale of the claimed property under a decree of the Clearfield county court, and asks this court to interfere to restrain the parties from carrying out the order of that court. The decisions above cited make it clear that this court cannot interfere; and we do not think the complainant would be in any

better position if its bill be amended, because it alleges in the amendment that, while the decree of the Clearfield county court does not direct the sale of the rolling stock, yet, notwithstanding, the trustee threatens to sell it under this decree, and prays that it be restrained. It is very plain that this trustee is acting under the order or decree of the Clearfield county court, and according to the allegations in the amended bill it interprets that decree as authorizing it to sell complainant's rolling stock. Complainant's understanding of the decree is different, and it comes to this court for the purpose of having a construction put upon the decree of the Clearfield county court contrary to that placed upon it by the officer of that court, and then requests this court to issue an order restraining the defendants from carrying out the Clearfield county decree as they interpret it. This court has no authority to make such a decree. The proper forum for the complainant to obtain the relief sought for is in the court of common pleas of Clearfield county.

Demurrer sustained.