## In re LASSEROT.

### (Circuit Court of Appeals, Ninth Circuit. March 12, 1917.)

#### No. 2934.

1. COURTS ☞493(3)—FEDERAL AND STATE COURTS—PRIORITY OF JURISDICTION.
   Where plaintiff had first instituted a suit in the state court in which judgment had been given to defendant, but findings had not yet been filed or judgment entered, the trial of a subsequent suit in the federal court for the same relief was properly postponed until after the judgment should be entered in the state court, and mandamus will not issue to compel the lower federal court to proceed to trial in that suit; since, where a state court and a court of the United States may each take jurisdiction, the tribunal which first gets it holds it to the exclusion of the other.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1349–1352.]

2. COURTS ☞493(3)—FEDERAL AND STATE COURTS—PRIORITY OF JURISDICTION —EFFECT OF PENDING SUIT.
   The pendency of a prior suit in another jurisdiction is not a bar to a suit for the same cause of action in a federal court, but its pendency is pleadable in abatement, to a second action, if the actions are in courts of the same state.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1349–1352.]

3. COURTS ☞500—FEDERAL AND STATE COURTS—PRIORITY OF JURISDICTION— —APPOINTMENT OF RECEIVER.
   Where the state court in a suit to quiet title had appointed a receiver who was in possession of the property, the validity of that appointment cannot be collaterally attacked, and the possession of the property vests in the state court jurisdiction to determine the issues relating thereto, and prevents the exercise of like jurisdiction by the federal court in a subsequent suit.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1407, 1408.]

Petition by Genevieve Lasserot for writ of mandamus directed to the Honorable William G. Van Fleet, Judge of the United States District Court for the Northern District of California. Petition dismissed.

On November 8, 1912, Genevieve Lasserot commenced in the superior court of Contra Costa county, Cal., a suit against the People's Water Company to quiet her title to certain real estate from which she alleged she had been wrongfully ejected, and to enjoin the defendant from enforcing a certain

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

judgment which had been rendered against her in a prior action of ejectment, but in which she alleged she had not been served with process. On February 4, 1913, the defendant answered denying the plaintiff's title and asserting title in itself. On May 22, 1914, the case came on for trial, and on that day was partly tried, and the trial was continued until May 25th. On May 25th a receiver of the real estate was appointed by consent of the parties with authority to take possession of the real estate and to collect the rentals, who thereafter qualified and took possession. On the same day the plaintiff filed an amended complaint. On August 5, 1914, the defendant filed an answer and a cross-complaint. On November 12, 1915, the court set the cause for trial on certain issues in the cause reserving to the plaintiff the right to a jury trial as to other issues. The cause was thereupon tried and submitted. On January 21, 1916, the court filed an opinion finding in favor of the defendant on the issues submitted, and judgment was entered accordingly. On November 21, 1916, the trial was resumed before the court on the remaining issues, and at the conclusion the court rendered an oral decision that judgment be entered for the defendant; but no findings were filed, and the judgment was not entered. In the meantime, on May 12, 1916, the plaintiff commenced in the District Court of the United States for the Northern District of California a similar suit against the same defendant seeking the same relief as in the first suit. On June 21, 1916, the defendant answered as before, and also pleaded the pendency of the prior action in the state court. On November 22, 1916, the defendant filed in the federal court a motion to postpone the trial therein until the final judgment in the state court should be entered. On December 18, 1916, that motion was allowed. The plaintiff in those actions thereafter filed in this court her petition for mandamus to the judge of the District Court of the United States for the Northern District of California to require him to proceed with all convenient speed to hear and determine the suit in that court.

John L. Taugher, of San Francisco, Cal., for petitioner.
M. R. Jones, of San Francisco, Cal., for respondent.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). [1] In brief, the case presented by the petitioner is this: The petitioner began her suit in the state court, and that court by its receiver took possession of the property in controversy. The cause proceeded to trial, and judgment was given to the defendant; but findings were not filed nor judgment entered. The petitioner now asks for mandamus to the District Court of the United States to compel it to go to trial on the same cause of suit between the same parties in an action commenced in that court, after the state court had appointed its receiver and decided some of the issues of the case.

The petition for mandamus must be denied. It is the general rule that, when suits are brought in courts of concurrent jurisdiction involving the same controversy and between the same parties, the court in which the suit was first instituted is entitled to the exclusive jurisdiction to determine the controversy. In Smith v. McIver, 9 Wheat. 532, 6 L. Ed. 152, Chief Justice Marshall said:

"We think the cause must be decided by the tribunal which first obtains possession of it, and that each court must respect the judgment or decree of the other."

In Taylor v. Taintor, 16 Wall. 366, 370, 21 L. Ed. 287, the court said:

"Where a state court and a court of the United States may each take jurisdiction, the tribunal which first gets it holds it to the exclusion of the other, until its duty is fully performed and the jurisdiction invoked is exhausted."

In Harkrader v. Wadley, 172 U. S. 148, 164, 19 Sup. Ct. 119, 43 L. Ed. 399, the court reaffirmed the rule so expressed in Taylor v. Taintor. To the same effect are Westfeldt v. North Carolina Mining Co., 166 Fed. 706, 92 C. C. A. 378; Jackson v. Parkersburg & O. V. Ry. Co. (D. C.) 233 Fed. 784; Wolf v. District Court, 235 Fed. 69, —— C. C. A. ——. We find nothing in McClellan v. Carland, 217 U. S. 268, 30 Sup. Ct. 501, 54 L. Ed. 762, cited and relied upon by the petitioner, which modifies the rule so expressed in the cases above cited. The court in that case said:

"The rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction, for both the state and federal courts have certain concurrent jurisdiction over such controversies, and when they arise between citizens of different states the federal jurisdiction may be invoked, and the cause carried to judgment, notwithstanding a state court may also have taken jurisdiction of the same case."

This was said in view of the record, which, so far as it disclosed the facts, indicated that the federal court had acquired jurisdiction and the issues had been made up before the beginning of the proceeding in the state court, and the Supreme Court held that the federal court could not abandon this jurisdiction already properly obtained and turn the cause over for adjudication in the state court.

[2] But the expressions of the court in the cases above cited do not mean that the pendency of a prior suit in another jurisdiction is a bar to a suit for the same cause of action in a federal court. That it is not a bar was decided in Stanton v. Embry, 93 U. S. 548, 23 L. Ed. 983; Bryar v. Campbell, 177 U. S. 649, 20 Sup. Ct. 794, 44 L. Ed. 926; Hunt v. N. Y. Cotton Exchange, 205 U. S. 322, 27 Sup. Ct. 529, 51 L. Ed. 821. It is held, however, that the pendency of a former action between the same parties for the same cause is pleadable in abatement to a second action provided the actions be in courts in the same state. Insurance Co. v. Brune's Assignee, 96 U. S. 588, 24 L. Ed. 737; Shelby v. Bacon, 10 How. 56, 13 L. Ed. 326; Foley v. Hartley (C. C.) 72 Fed. 570. And while it is true that if a prior suit does not deal with specific property, but is strictly in personam, with nothing more in view than a personal judgment, a subsequent action may be brought in another jurisdiction between the same parties and upon the same issues, and judgment may be obtained in either, the suits here under consideration are not in personam, but are quasi in rem. Black's Law Dictionary, 608; Freeman v. Alderson, 119 U. S. 187, 7 Sup. Ct. 165, 30 L. Ed. 372; Hill v. Henry, 66 N. J. Eq. 150, 57 Atl. 554.

[3] Again: The state court appointed a receiver to take possession of the property and collect the rents thereof. The validity of that appointment so made by a court which had jurisdiction of the parties and the subject-matter cannot be collaterally attacked. Mercantile Trust Co. v. Pittsburgh & W. R. Co. (C. C.) 29 Fed. 732; Gunby v.

Armstrong, 133 Fed. 417, 66 C. C. A. 627. Where. one court has taken possession of property by its process, a suit in a co-ordinate jurisdiction to affect the same property, while it should not be dismissed, its prosecution should be stayed until the proceedings in the court which first secured jurisdiction of the property are concluded or until ample time for their conclusion shall have elapsed. The possession of the res vests in the court which first acquires jurisdiction power to hear and determine the controversies relating thereto, and prevents the exercise of a like power by a court of co-ordinate jurisdiction. In Palmer v. Texas, 212 U. S. 118, 125, 29 Sup. Ct. 230, 232 [53 L. Ed. 435], the court said:

"The federal and state courts exercise jurisdiction within the same territory, derived from and controlled by separate and distinct authority, and are therefore required, upon every principle of justice and propriety, to respect the jurisdiction once acquired over property by a court of the other sovereignty. If a court of competent jurisdiction, federal or state, has taken possession of property, or by its procedure has obtained jurisdiction over the same, such property is withdrawn from the jurisdiction of the courts of the other authority as effectually as if the property had been entirely removed to the territory of another sovereignty."

Similar decisions are Wabash Railroad v. Adelbert College, 208 U. S. 38, 54, 28 Sup. Ct. 182, 52 L. Ed. 379; Farmers' Loan, etc., Co. v. Lake St. R. Co., 177 U. S. 57, 61, 20 Sup. Ct. 564, 44 L. Ed. 667; Merritt v. American Steel-Barge Co., 79 Fed. 228, 24 C. C. A. 530.

The petition is dismissed.