AMUSEMENT SYNDICATE CO. v. EL PASO LAND IMPROVEMENT CO.

(District Court, W. D. Texas, El Paso Division. May 22, 1918.)

No. 104.

1. COURTS ⊂⊃489(1)—JURISDICTION—EXCLUSIVE JURISDICTION.

Where a suit for injunction to compel removal of balconies, etc., begun in state court, called for an adjudication of title and the right of possession to land that tribunal is entitled to hold jurisdiction to the exclusion of the federal court in which a second suit involving substantially the same parties, causes, etc., was filed; the rule being different from the ordinary action in personam.

2. COURTS ⊂⊃508(1)—FEDERAL COURTS—INJUNCTION TO STATE COURT—STATUTE.

Rev. St. § 720 (Comp. St. 1916, § 1242), declaring that an injunction shall not be granted by any federal court to stay proceedings in any state court, except in cases where it may be authorized by laws relating to bankruptcy, applies to the entire proceedings in a state court.

3. COURTS ⊂⊃508(1)—FEDERAL COURTS—INJUNCTION TO STATE COURT—STATUTE.

Rev. St. § 720 (Comp. St. 1916, § 1242), forbidding federal court to issue injunctions staying proceedings in state courts, unless authorized by laws relating to bankruptcy, applies to injunctions directed to parties engaged in proceedings in the state court.

4. COURTS ⊂⊃508(1)—FEDERAL COURT—INJUNCTION TO STATE COURT—STATUTE.

Rev. St. § 720 (Comp. St. 1916, § 1242), forbidding federal courts from staying proceedings in state courts by injunction, save where authorized by laws relating to bankruptcy, was intended to give the force of positive law to the rules of comity between such tribunals and to preserve the independence of each.

5. COURTS ⊂⊃508(1)—FEDERAL COURT—INJUNCTION TO STATE COURT—STATUTE.

Rev. St. § 720 (Comp. St. 1916, § 1242), forbidding federal courts from enjoining proceedings in the state court, unless authorized by laws relating to bankruptcy, extends not only to orders of the federal court, directly restraining the proceedings of the state court, but to all orders of the federal court which necessarily have that effect.

6. COURTS ⊂⊃508(2)—FEDERAL COURT—INJUNCTION TO STATE COURT—STATUTE.

Where, in a suit by a trustee holding the legal title to land to compel defendant to remove structures, the state court issued an injunction restraining the trustee from interfering with such structures, the federal

court cannot on a suit by the beneficiary of the trust, issue an injunction compelling defendant to remove, for that would violate Rev. St. § 720 (Comp. St. 1916, § 1242), forbidding federal courts from staying proceeding in a state court by injunction.

7. COURTS ⬤⟿508(1)—COMITY.

Upon broad principles of equity, a chancery court should decline to entertain a suit to nullify, or which in its effect would nullify, an order of an independent court of concurrent jurisdiction, involving the same parties and subject-matter.

8. COURTS ⬤⟿506—STAY OF ACTION—PENDENCY OF SUIT IN COURT OF CONCURRENT JURISDICTION.

Where the state court had already acquired jurisdiction of a suit by a trustee holding the legal title to land to compel defendant to remove structures thereon, and had enjoined the trustee from interfering with such structures a suit begun by the beneficiary of the trust in the federal court to compel removal will be stayed until termination of the suit in the state court.

In Equity. Bill by the Amusement Syndicate Company against the El Paso Land Improvement Company. On motion to stay trial until final determination of a suit in the state court. Motion granted.

On February 18, 1913, L. M. Crawford, as trustee, filed in the state district court of El Paso county, Tex., his petition against the El Paso Land Improvement Company, praying for a mandatory writ of injunction requiring the defendant in that cause to remove certain rooms, balconies, etc., from a portion of block 2, Mills' Map, of the city of El Paso, Tex. On March 4, 1913, the defendant in that cause answered said petition and also filed its cross-action against the said Crawford, trustee. On July 1, 1916, the defendant filed in the state court its amended answer and cross-action in said suit, and in this amended cross-action alleged that the ground upon which the rooms, balconies, etc., stood belonged to it; that L. M. Crawford, as trustee, had, by a contract of date January 12, 1907, contracted to convey said land to defendant for a certain consideration, and that said consideration had been paid, and the Improvement Company in its cross-action prayed for specific performance of that contract; and also prayed that L. M. Crawford, trustee, be enjoined from in any way interfering with the improvements on said land until the final determination of said state court case. On September 5, 1916, the state court granted a temporary injunction in said cause, enjoining L. M. Crawford, trustee, from removing or in any way interfering with the rooms, balconies, etc., above mentioned, pending the determination of the suit pending in the state court, which injunction is still in force and effect. L. M. Crawford, as trustee, answered said cross-action in the state court, by amended and supplemental pleas, and as trustee has litigated and is yet litigating in the state court the matters involved in his petition and in said cross-action. On January 10, 1917, the Amusement Syndicate Company filed its petition in this court; said petition being substantially the same as the original, amended, and supplemental petitions, filed by L. M. Crawford, trustee, in the state court, except the petition filed in this court is filed by the Amusement Syndicate Company, while the pleadings in the state court were filed by L. M. Crawford, trustee. However, in the suit in the state court, L. M. Crawford, trustee, contested the cross-action of the El Paso Land Improvement Company, and in said state court suit pleaded and defended as trustee for the Amusement Syndicate Company, and made for that company, as trustee therefor, the same defenses that the company could have made, had it been a party thereto.

The land in block 2, Mills' Map of El Paso, above mentioned, on January 12, 1917, stood in the name of L. M. Crawford, trustee, according to the pleadings in the state court suit; the deed to him not disclosing for whom he held such land as trustee, but being a conveyance to "L. M. Crawford,

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

trustee," and to his "successors and assigns." The title to said land, and to the rooms, balconies, etc., herein mentioned, is involved in the suit in the state court, and Crawford is litigating that title for and on behalf of the Amusement Syndicate Company in the state court. The state court had jurisdiction of the subject-matter of the controversy and of L. M. Crawford, trustee, long prior to the filing of the petition in this court. Crawford, trustee, has been enjoined (in 1916) by the state court from removing or in any way interfering with the improvements above mentioned until the state court case shall have been finally determined. By the petition filed in this court the Amusement Syndicate Company seeks to have this court by its writ of injunction compel the defendant El Paso Land Improvement Company to do that which the Improvement Company has enjoined L. M. Crawford, trustee (alleged by the plaintiff to be its trustee), from doing. The defendant has filed in this court a motion to postpone trial of this cause until final determination of the state court suit, basing said motion upon a showing that the parties and subject-matter of the suit in the state court and in this court are substantially the same, and that the state court first had jurisdiction, and that the property will be necessary for an effective decree of the state court in the suit there pending.

Jones, Jones, Hardie & Grambling, of El Paso, Tex., for complainant.

J. F. Woodson and T. A. Falvey, both of El Paso, Tex., for defendant.

SMITH, District Judge (after stating the facts as above). The question raised by motion of the defendant is whether or not, by reason of conflict of jurisdiction between this court and the state court, this case should be postponed until after a final decision therein in the state court.

[1] The suit was first brought in the state court. The parties, the issues, the subject-matter, and the relief sought are substantially the same in both courts. Neither has taken actual possession of the res which is the subject of the litigation. Upon this state of facts it is well settled that the court first acquiring jurisdiction—the state court in this case—retains exclusive jurisdiction of the case until its final determination. This would seem to be the rule even in cases where the court last acquiring jurisdiction had actually taken possession of the res. Empire Trust Co. v. Brooks, 232 Fed. 641, 146 C. C. A. 567; Palmer v. Texas, 212 U. S. 118, 29 Sup. Ct. 230, 53 L. Ed. 435; Farmers' Loan Co. v. Lake Street Ry. Co., 177 U. S. 51, 20 Sup. Ct. 564, 44 L. Ed. 667; Adams v. Mercantile Co., 66 Fed. 617, 15 C. C. A. 1; Jackson v. Parkersburg & O. V. Electric Ry. Co. (D. C.) 233 Fed. 784; Knudsen v. First Trust & Savings Bank, 245 Fed. 81, 157 C. C. A. 377; In re Lasserot, 240 Fed. 325, 153 C. C. A. 251; O'Neil v. Welch, 245 Fed. 261, 157 C. C. A. 453.

This is not an action purely and simply in personam, as, for instance, an action for debt, in which both courts could properly proceed to judgment without conflict one with the other; but in both courts it involves specific property as its subject-matter. In both courts it calls for an adjudication of title and of the right of possession. In the state court the plaintiff prays for a mandatory injunction, the effect of which would be to dispossess the defendant, and the defendant asks and has already obtained a temporary injunction for the maintenance of its

own possession. Like extraordinary powers of this court are sought to be invoked by the respective parties. If these proceedings have not brought the specific property involved—the res—into the actual posses-sion of the state court, they have at least given that court dominion and control over it. It is true that injunction acts only in personam; but it is also true that possession of specific property may be, and often is, effected by and through injunctive process. These considera-tions I think clearly distinguish this case from one strictly in personam where only a personal judgment is in view, and brings it within the rule that as between two courts of concurrent jurisdiction the one which gets the case first holds it to the exclusion of the other. West-feldt v. North Carolina Mining Co., 166 Fed. 710, 92 C. C. A. 378; Farmers' Loan & Trust Co. v. Railroad, 177 U. S. 51, 20 Sup. Ct. 564, 44 L. Ed. 667.

This rule is founded upon comity and is essential to the orderly ad-ministration of justice, and to prevent unseemly conflict between courts. The wisdom and necessity of this rule is well illustrated in the instant case. The state court by writ of temporary injunction has re-strained the plaintiff from going upon the property in controversy and from interfering with certain improvements thereon, pending the final determination of the case. The complainant in this court, substantially the same as the party plaintiff in the state court, is asking this court to issue a mandatory injunction against the defendant, requiring it to re-move said improvements—to do the very thing complainant is enjoined from doing.

If this case should now be tried in this court, and the mandatory injunction granted as prayed for by complainant, a serious conflict of proceedings between the two courts would occur. These considera-tions, I think, are sufficient to authorize and require the court to sus-tain the defendant's motion to postpone this case until the final deter-mination of the case in the state court.

[2-6] However, I do not think it necessary to rest the decision of this matter entirely upon the rule which has been announced. Section 720, U. S. Revised Statutes (section 1242, U. S. Compiled Statutes 1916), declares:

"The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

The prohibitions of this statute extend to the entire proceedings in the state court. Security Trust Co. v. Union Trust Co. (C. C.) 134 Fed. 301; Union Pacific Trust Co. v. Flynn (C. C.) 180 Fed. 565. And it applies to injunctions directed to parties engaged in proceed-ings in the state court. Cœur d'Alene Ry. & Nav. Co. v. Spalding, 93 Fed. 280, 35 C. C. A. 295. And it was intended to give the force of positive law to the rule of comity, to preserve the essential and necessary comity between the federal and state courts and to main-tain the independence of each. Dillon v. Kansas City S. B. Ry. Co. (C. C.) 43 Fed. 109. And the prohibitions of the statute extend, not only to orders of the federal court directly restraining proceedings

of the state court, but also to all orders of the federal court which necessarily have that effect. Western Union Telegraph Co. v. Louisville & N. Ry. Co., 218 Fed. 628, 134 C. C. A. 386 and cases therein cited.

The case last cited was a proceeding in state court to condemn right to construct a telegraph line along a railroad right of way. Injunction was granted by a federal court, restraining the telegraph company from entering on the right of way; on appeal this was held violative of said statute. Illustrative of the proper construction and applicability of said statute the following cases may be cited:

In the case of First National Bank v. Hughes (C. C.) 6 Fed. 737, the state court issued a compulsory order to compel a national bank to disclose the names of its depositors, and it was held that the federal court could not stay the proceedings by injunction.

In the case of Domestic & Foreign Missionary Society v. Hinman (C. C.) 13 Fed. 161, it was held that the federal court could not issue an injunction to restrain a party from claiming, using, occupying, incumbering, disposing of, or interfering, or in any manner intermeddling, with property which the state court had directed its officers to place in his hands.

In Green v. Porter (C. C.) 123 Fed. 351, where a party obtained from a state court an injunction forbidding the plaintiff in a patent infringement suit in the federal court to assign or release his claim, a counter injunction sought by plaintiff in the federal court was refused, on account of the comity existing between federal and state courts, and the confusion which would result from conflicting decrees.

In Dillon v. Kansas City S. B. Ry. Co. (C. C.) 43 Fed. 109, it was held that under U. S. Rev. Stat. § 720, which forbids federal courts from staying proceedings in state courts, except in bankruptcy matters, a federal court will not, pending a condemnation suit in a state court, enjoin the petitioner from entering upon the land to be condemned.

In People's Gaslight & Coke Co. v. Chicago (C. C.) 192 Fed. 398, the city had previously instituted a suit in a state court to enforce an ordinance fixing the price of gas, after which the complainant instituted its suit in the federal court to restrain the enforcement of the ordinance on the ground that its enforcement would deprive complainant of its property without due process of law, and it was held that complainant's suit was not in personam, and hence the state court having first acquired jurisdiction, and having full power to adjudicate the rights of the parties, complainant was not entitled to injunction, such injunction being prohibited by section 720, U. S. Rev. Stats.

In Orton v. Smith, 59 U. S. (18 How.) 263, 15 L. Ed. 393, it was held that the federal court would not take jurisdiction of a bill of peace for an injunction to quiet the title of an estate, where the title was already in litigation in a court of concurrent jurisdiction.

It seems clear that the question here for decision falls clearly within the prohibitions of said statute, as construed by the decisions which have been cited. One of the objects of this suit, really the main object, is to secure the issuance of a mandatory injunction requiring the defendant, the El Paso Land Improvement Company, to remove cer-

tain improvements—"obstructions"—from the real estate in controversy. The state court has previously issued a writ of injunction, prohibiting the plaintiff in that court from removing or tearing down any of said improvements, and from interfering therewith, and from altering or destroying the same, or any portion thereof, until the final determination of the case in that court. That injunction is still in force and effect.

The plaintiff in the state court, Crawford, claims the real estate in controversy as the trustee of the Amusement Syndicate Company, the complainant herein, who in this court claims the ownership of said real estate as cestui que trust, through its said trustee, Crawford. They represent identically the same interest, and therefore the party plaintiff in the state court is substantially the party complainant in this court, and vice versa.

The prime object of this suit, or at least its necessary effect, is therefore to restrain by counter injunction a valid injunction issued by the state court—a court of competent and concurrent jurisdiction; and it is my opinion that this cannot be done without contravening the statute.

[7, 8] Again, aside from said statute, I do not think this bill ought to be entertained. Upon broad general principles of equity, a chancery court should decline to entertain a suit to nullify, or which in its effect would nullify, the valid order of another court of concurrent jurisdiction in a case between the same parties and involving the same subject-matter. In the case of Louisville & N. Ry. Co. v. Western Union Tel. Co., 233 Fed. 82, 147 C. C. A. 152, the Circuit Court of Appeals of this circuit affirmed an order dismissing a bill of this character, and in doing so Judge Walker in delivering the opinion of the court said:

"The supplemental bill filed by the appellant prayed for an injunction restraining and enjoining the defendant, the appellee here, from maintaining and operating upon the rights of way of the appellant the poles, wires, and other telegraphic appliances which the appellee had constructed, maintained, and operated upon said rights of way under a contract with the appellant which it was alleged expired on August 17, 1912. By writs of injunction issued under orders made in a suit between appellant and appellee in the United States District Court for the Western District of Kentucky, certified copies of which were made exhibits to the appellee's answer to the supplemental bill, the appellant was enjoined and restrained from taking possession of or interrupting the appellee in the use of any of its poles, wires, or other apparatus situated upon the right of way of the defendant, which was referred to in the original and supplemental bills in this case, and by the terms of the last of said orders the injunction issued thereunder was to be operative until the further order of the court from which it issued. We think it is apparent that the necessary effect of granting the relief which the supplemental bill prayed would be to enable the appellant to do, under the protection of the orders of one court, what it has been forbidden to do by a valid order of another court, which is in full force and effect. A bill, the object of which is to bring about such a result, is not maintainable."

It may be that the bill here before the court should be dismissed; but, as that question has not been submitted nor argued, it will not now be passed upon.

I am, however, clearly of opinion that the motion to postpone should be granted; and it is accordingly so ordered.