CLARENCE E. F. HETRICK, MAYOR, ETC., ET AL., APPEL-
LANTS, v. CARLTON ROBERTS ET AL., RESPONDENTS.

Argued May 26, 1937—Decided September 22, 1937.

For the appellants, *Ward Kremer* and *Harry Cassman*.

For the respondents, *Lester C. Leonard*.

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by Mr. Justice Parker in the Supreme Court.

PERSKIE, J. (Dissenting). With all due deference to my colleagues I do not share the views expressed in the opinion of the court below, and adopted here.

The facts are not in dispute. They are fully stated in the opinion of the Supreme Court. The title of the challenged act is "An act concerning municipalities." Chapter 160, *Pamph. L.* 1936, *p.* 372. It is conceded, it is, in fact, expressly provided in the very first paragraph of the act itself that a beach commission shall be appointed in every municipality of the state "under the control of the municipal finance commission, and which shall own the beach and upland contiguous thereto." It seems clear to me that these provisions of limitation flatly contradict the title of the act. Surely, "no one, on reading the title, could reasonably understand that the body of the act was to have so limited an effect." *Beverly* v. *Waln,* 57 *N. J. L.* 143, 144; 30 *Atl. Rep.* 545; *Coutieri* v. *New Brunswick,* 44 *N. J. L.* 58. True, our courts have at times explained and distinguished the holding in *Beverly* v. *Waln, supra* (see *Johnson* v. *Asbury Park,* 60 *Id.* 427, 431; 39 *Atl. Rep.* 693; *Kennedy* v. *Belmar,* 61

*N. J. L.* 20, 25; 38 *Atl. Rep.* 756; *Allison* v. *Corker*, 67 *N. J. L.* 596, 599; 52 *Atl. Rep.* 362), but it is also true that it stands unreversed. Until such time as it may be reconsidered, it is, in my opinion, controlling and dispositive of this point. No construction, liberal or otherwise, can transcend the truth—the conceded fact, that by its title, the act concerns all municipalities but by its provisions it concerns only a specifically limited class of municipalities.

I am, moreover, of the further opinion that the act is fatally defective because it violates paragraph 11, section VII, article IV of our state constitution which prohibits the passage of special laws to regulate the internal affairs of towns and counties, and the appointing of local officers or commissions to regulate municipal affairs.

The Supreme Court observed that "if the act were restricted to municipalities now under a financial commission, it would probably be unsound." Agreed. And it further observed, "or if, again, it were restricted to those now owning a beach front it would likewise be faulty." Agreed. But we are told because the act is not restricted in either particular it is therefore valid. *Non sequitur.*

I think that the mere joinder of both particulars in the act gives the act no greater efficacy than that which flows from the conceded unsoundness of each particular thereof. For, the whole is equal to the sum of its parts.

The act in question places Asbury Park, notwithstanding the fact that it is a seacoast municipality and that other municipalities may be similarly affected by it in the future, in a singular position in the government of municipalities in this state. The municipal affairs of Asbury Park are now regulated (1) by a governing body elected pursuant to law (chapter 113, *Pamph. L.* 1923, *p.* 217, as amended), (municipal manager form of government); (2) by a municipal finance commission "whose primary purpose is to keep intact the corporate structure, and to continue municipal function until rehabilitation (now in progress) can be effected * * *," *Hourigan* v. *North Bergen Township*, 113 *N. J. L.* 143, 149; 172 *Atl. Rep.* 193; and lastly (3) by a beach commission.

The record discloses that the beach of Asbury Park, the boardwalk, and the varied municipal activities conducted by the city upon its lands contiguous to the beach form the bone, marrow and sinew of its municipal affairs and existence. Under the provisions of the act in question, complete control over this phase of Asbury Park's affairs is placed in the hands of the beach commission. It is interesting to observe that under this act the commission apparently is not answerable to the municipal finance commission for its actions. And, as I read the act, save as to its duty to make a monthly report to the governing body of moneys received and collected, it is not answerable to that body. The governing body must carry these funds in a special account—"Beach Fund;" these funds can only be disbursed upon warrant of the beach commission. And the commission certainly is not answerable to the voters of Asbury Park from whom, under our form of government, springs the consent to be governed.

A reading of the rights, powers and added powers (including the power to prescribe penalties for violation of any of its orders, which the beach commission is empowered to pass or adopt by the provisions of the act) leaves me in the frame of mind that, if the instant act is not special, and if the appointment of the beach commission was not to regulate the internal municipal affairs of Asbury Park, it is difficult to understand, notwithstanding the purpose stated in the act, the reason for its passage.

I think that the act clearly trenches upon the stated constitutional inhibitions. Judge Rafferty joins in this opinion.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CASE, BODINE, DONGES, HEHER, DEAR, WELLS, WOLFSKEIL, COLE, JJ. 11.

*For reversal*—PERSKIE, RAFFERTY, JJ. 2.