## REISLER v. FORSYTH et al.
### No. 5838.

District Court, D. New Jersey.
Dec. 20, 1937.

Ward Kremer, of Asbury Park, N. J., Harry Cassman, of Atlantic City, N. J., and Wall Haight, Carey & Hartpence, and John Hartpence, all of Jersey City, N. J., for complainant.

J. D. Carton, Jr., and Robert Carton, both of Asbury Park, N. J., for defendants.

Lester C. Leonard, Sp. Asst. Atty. Gen., for Governor and Attorney General of New Jersey.

Before DAVIS, Circuit Judge, and FORMAN and AVIS, District Judges.

FORMAN, District Judge.

Complainant, a resident of the state of New York, brings this proceeding as a holder of bonds of the City of Asbury Park, N. J., in the amount of $4,000. He contends (a) that chapter 160, Laws of New Jersey of 1936, N.J.St.Annual 1936, § *136—4700(416) et seq., creating the Beach Commission, violates the due process clause of the Federal Constitution, and (b) that it impairs the obligations of his contract as a bondholder.

The act provides that in a municipality under control of the Municipal Finance Commission and which shall own the beach and upland contiguous thereto a Beach Commission shall be appointed. The Municipal Finance Commission and the Beach Commission are functioning in the City of Asbury Park. The members of the Beach Commission are appointed by the Governor by and with the advice and consent of the Senate. It is provided that this commission shall annually submit a budget to the body having charge of the finances of the municipality. Plaintiff complains that it is then mandatory that the body having charge of the municipal finances cause the amount set forth in said budget to be raised by taxation. It is contended that this is an unwarranted delegation of legislative powers.

The City of Asbury Park is governed under the so-called City Manager Law. Comp.St.Supps.N.J. § * * * 136—101 et seq. It has a mayor, four other councilmen, all of whom are elected by the voters, and a city manager appointed by the mayor and council. Under the general laws relative to municipalities in New Jersey, the City of Asbury Park adopts an annual budget which finally becomes effective after a public hearing.

The constitutionality of the act providing for the Beach Commission has been upheld by the state court in the cases of Hetrick v. Roberts, 117 N.J.L. 584, 190 A. 504, and Id., 118 N.J.L. 586, 194 A. 557, which were instituted by the mayor, councilmen and city manager of the City of Asbury Park. Complainant before coming into this court applied to a justice of the Supreme Court of New Jersey for a writ of certiorari to again review the constitutionality of the act creating the Beach Commission. This was denied.

It is alleged that the City of Asbury Park is heavily indebted and that a plan has been formulated whereby the city may systematically amortize its obligations. Under this plan the difference between the city's maximum ability to raise money by taxation and its probable operating expenses is reserved for retiring its indebtedness.

It is alleged by the complainant that, by virtue of the act creating the Beach Commission, it may make such demand upon the city as would make it impossible to carry out the plan for refunding the indebtedness of the city.

The City of Asbury Park presently has in its hands a large sum of money, a portion of which is reserved to meet its debt service requirements according to the plan. The Beach Commission, however, is demanding possession of this sum of money. It has obtained a mandamus from the New Jersey Supreme Court directing the mayor and council of the City of Asbury Park and others, inter alia, forthwith to credit certain moneys and to turn over properties, leases, books, and other paraphernalia to it.

Complainant prays for an injunction against the defendants restraining them from functioning as such Beach Commission and particularly restraining them from adopting any budget pursuant to the act under which they were appointed, or from collecting or receiving any moneys from the governing body of the city.

Numerous objections have been made to the granting of an interlocutory injunction. It is contended that the court has not jurisdiction or power to grant this relief as it would be in contravention to section 265 of the Judicial Code as follows: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." 28 U.S.C.A. § 379.

This section of the Judicial Code raises a problem in connection with the disposition of the instant case because of the mandamus which has been issued by the New Jersey Supreme Court ordering the mayor and council of the City of Asbury Park and others, among other things, to credit certain moneys to the Beach Commission. The relief which the complainant seeks from this court, if granted, would be in diametrical conflict with the provisions of the mandamus, i. e., this court is asked to issue an injunction which will prevent the Beach Commission from accepting the very property which it is ordered by the mandamus to take. If this court should grant the relief prayed for, the members of the Beach Commission would truly be in a quandary. Whatever their course of action should be, they would inevitably confront contempt proceedings from either the state court of New Jersey or the federal court.

Hill v. Martin, State Tax Commissioner, 296 U.S. 393, 56 S.Ct. 278, 282, 80 L.Ed. 293, presents a case wherein the application of the above-quoted statute was utilized. Therein an injunction was sought to enjoin the collection of an inheritance tax assessed by the State of New Jersey. An assessment of taxes had been made and a writ of certiorari to test its validity dismissed by the Supreme Court of New Jersey from which an appeal had not been perfected. The cause was then remanded to the Prerogative Court. Valid assessments in New Jersey are collected either by an action for debt in the name of the State or a statutory proceeding against the persons interested in the estate. Proceedings for collection had not been instituted at the time the injunction was sought. The plaintiff contended that the determination of the amount and the validity of the tax were separate and distinct transactions, and that, since no proceeding for collection of the tax had been instituted, there was no state proceeding to stay. The Supreme Court affirmed the denial of an injunction by the District Court of three judges, making the following comment: "The prohibition of section 265 is against a stay of 'proceedings in any court of a State.' That term is comprehensive. It includes all steps taken or which may be

taken in the state court or by its officers from the institution to the close of the final process."

This case is analogous to the case at bar in this respect. The jurisdiction of the New Jersey Supreme Court continues until its mandate is satisfied by contempt proceedings or otherwise. Any interference with the enforcement of that decree would, in effect, be a stay of proceedings which this court will not countenance.

In Domestic & Foreign Missionary Society v. Hinman et al., C.C., 13 F. 161, the complainant sued in the federal court to restrain respondent from claiming, using, occupying, incumbering, disposing of, or interfering or in any manner intermeddling with, certain properties. A state court had ordered the property to be turned over to the respondent in a replevin suit. The court stated: "It is manifest that the effect of the injunction in this case would be to stay proceedings in the state court in the replevin suit. It would be to retain the property in the possession of the complainant regardless of the writ issued by the state court ordering it to be placed in the possession of the respondent. It would be to stop altogether the proceedings in the replevin suit, because it would be impossible to proceed with that suit without violating the injunction prayed for in this case." 13 F. 161, 166.

In the case of Amusement Syndicate Co. v. El Paso Land Improvement Co., D. C., 251 F. 345, a trustee had previously sued the defendant in a state court praying for a mandatory injunction requiring defendant to remove certain improvements on a parcel of realty. The defendant in that action filed a cross-bill praying that the trustee-plaintiff be enjoined from interfering with the improvements. A temporary injunction was issued in favor of the defendant. The trustee's beneficiary then brought an action in the federal court while the state action was pending, praying that the defendant be compelled to remove the improvements. The court observed that the prime object of the suit, or its necessary effect, would be to restrain by counter injunction a valid injunction issued by the state court. It refused to grant the relief in view of the statute preventing a stay of proceedings in a state court by injunction issuing from a federal court.

In Western Union Telegraph Co. of Illinois et al. v. Louisville & N. R. Co., 7 Cir., 218 F. 628, appellants filed a petition in a state court to condemn property along appellee's railroad line. The appellee went into a federal court and obtained a preliminary injunction forbidding appellants to enter upon the right of way. The prohibition was not directed against proceeding in the state court. While the condemnation proceeding was pending, the appellants made a motion in the federal court to dissolve the preliminary injunction. The court construed the injunction to mean that appellants were prohibited from entering upon the railroad right of way in accordance with any judgment or writ of the state court which might be obtained. The court held that the appellants would be liable to contempt proceedings the moment it undertook to take the benefits of any judgment or writ which might be rendered in the state court, and that under the authorities this effect was a substantial stay of the proceedings in the state court, and within the prohibition of section 265 of the Judicial Code, 28 U.S.C. A. § 379. It, therefore, dissolved the preliminary injunction.

█ By virtue of the authorities cited it seems clear that this court under the facts in this case cannot order one not to do that which a state court has ordered him to do. Aside from the statute hereinbefore quoted, the rule is based upon comity and is essential to the orderly administration of justice, and to prevent unseemly conflict between courts. A court of chancery should be reluctant to entertain a suit to nullify a valid order of another court.

Under these circumstances, it becomes unnecessary to determine the merits of the various other contentions made by the parties. It appears that this court is without jurisdiction, and therefore the interlocutory injunction will be denied.