MONMOUTH COUNTY CIRCUIT COURT.

IDA KLEINFUS, PLAINTIFF, v. JOSEPH N. SIRGANY AND CITY OF ASBURY PARK, DEFENDANTS.

ROSE, INC., A BODY CORPORATE OF THE STATE OF NEW JERSEY, PLAINTIFF, v. CHARLES GROSSMAN, DEFENDANT.

Decided June 21, 1939.

On motion to strike answer of defendant Joseph N. Sirgany.

For the plaintiff, *Frankel & Frankel.*

For the defendant, *Quinn & Doremus.*

On motion to strike answer of defendant Charles Grossman.

For the plaintiff, *Vincent P. Keuper.*

For the defendant, *Levinson & Levinson.*

KINKEAD, C. C. J.  The plaintiffs in each of the above cases filed complaints against the respective defendants in actions of ejectment.  The cases each involve the same legal questions and will therefore be considered and determined together.

In each case defense counsel filed an answer of general denial and counsel for plaintiffs move to strike each answer

on the grounds that the same is sham, false in fact and filed solely for the purpose of delay.

Each case involves the right of the plaintiff to assume possession of a store and premises on the boardwalk in the city of Asbury Park, by virtue of a lease executed to each plaintiff by the Beach Commission of Asbury Park, under date of November 29th, 1938, for a term of four years commencing January 1st, 1939.

The Beach Commission was created by chapter 160, *Pamph. L.* 1936 (*R. S.* 40:55A-1 to 12), and the constitutionality of said act was sustained in *Hetrick* v. *Roberts,* 117 *N. J. L.* 584; 190 *Atl. Rep.* 504, and affirmed, 118 *N. J. L.* 586; 194 *Atl. Rep.* 557.

Said act provided for the appointment by the governor of a beach commission of four members in every municipality which was under the control of the Municipal Finance Commission and which owned a beach and upland contiguous thereto.

On or about October 9th, 1937, the Beach Commission whose exercise of powers had been theretofore stayed, superseded the governing body of the city of Asbury Park and assumed actual and physical possession of the beach front with full and complete authority to manage and control all its properties and buildings.

On October 29th, 1938, in the Supreme Court, Mr. Justice Perskie ruled that the city of Asbury Park would be discharged from the control of the Municipal Finance Commission as soon as it had held a complete public tax sale, and in addition had paid off certain bonds held by the county of Monmouth.

On December 10th, 1938, the court signed an order discharging Asbury Park from the control of the Municipal Finance Commission. On January 14th, 1939, Mr. Justice Perskie allowed a writ of *mandamus* in *City of Asbury Park et al.* v. *Smock et al.,* 121 *N. J. L.* 487; 3 *Atl. Rep.* (*2d*) 608, and ruled in effect that inasmuch as the Municipal Finance Commission was no longer in control in Asbury Park, that the Beach Commission was no longer operative.

It is contended on behalf of the defendants that the Beach Commission was a fiduciary for the city of Asbury Park and

that the position of the Beach Commission was analogous to that of a trustee in bankruptcy or a receiver of an insolvent corporation, and further that being a fiduciary it had no authority to make a lease which would begin at a date subsequent to the termination of its authority.

In determining this point the language of the act must be considered. *R. S.* 40:55A-5 provides:

"The beach commission in any such municipality wherein this chapter is or shall become operative shall, except as hereinafter provided, be substituted for and vested with all the powers and duties now vested in or exercised by the governing body of such municipality, relating to and in respect of the management and control of the beach, and the construction, maintenance, and use of the beach, and all properties and structures, piers, bulkheads and jetties owned by the municipality and located upon lands owned by the municipality contiguous to such beach, and shall lay out, embellish, improve, manage, and control the boardwalks, convention halls, bath houses, places of amusement, stores, buildings, and properties, and the portions of the beach owned and heretofore controlled by such municipality.

"Said beach commission shall have, possess, and exercise all the rights, powers, and privileges of the municipality in and for which it is appointed in respect of and pertaining to the construction, repair, maintenance, operation, and extension of the boardwalks, ways, streets, highways, convention halls, places of amusement, bath houses, stores, and buildings on the property owned by such municipality fronting on the Atlantic Ocean, including the rights, powers, and privileges to lease for adequate and proper revenues stores, properties, places of amusement, bath houses, and other facilities erected and provided on the beach property by such municipality, to sue for rents, in ejectment or in dispossession; and shall have the right to engage bands, orchestras, and entertainers; to provide guards for the protection of persons using the beach and bathing facilities, and generally to do all things necessary for the operation of the beach heretofore vested in the governing body of such municipality or any committee thereof. Such beach commission shall likewise make and establish rates

and rents for the use of property under the control of such commission, and shall enter into all contracts for the repair and improvement of properties and structures within its jurisdiction, and shall fix the rentals and terms of leases of tenants who shall rent stores and facilities under its jurisdiction."

In addition to the very broad and general powers conferred, the commission is privileged to sue for rents in ejectment or dispossession. It is permitted to carry out and perform existing contracts entered into by the city affecting the beach front. The commission is empowered to prescribe penalties for the violation of any rule, order or regulation which it has the power to adopt under the provisions of the act, and it is conferred with police power to enforce its orders and maintain peace and quiet along the beachfront.

The powers and authority delegated to the Beach Commission by the legislature are manifestly broader than the powers of a receiver. If the legislature had intended that the status of a *quasi*-receivership should exist it could have empowered the Municipal Finance Commission to have some supervisory control over the Beach Commission.

Mr. Justice Parker in speaking for the Supreme Court in *Hetrick* v. *Roberts, supra,* held: "It may be stated in a broad and general way, that the necessary effect of the act is to remove the owned beach front from the control both of the original governing body and the Municipal Finance Commission."

Mr. Justice Perskie in *City of Asbury Park* v. *Smock et al., supra,* held: "The statute creating the Beach Commission sets up an autonomous government within the applicable municipality. It vests in the commission among other things all the powers theretofore vested and exercised by the governing officials of that municipality in matters relating to management and control of the beach and beach property."

The Beach Commission must therefor be construed as a governmental body substituted for and supplanting and replacing the governing officials of Asbury Park in all matters relating to the beach front of that city during its incumbency.

This leads to a consideration of the point as to whether or not the commission could execute a lease the term of which was to run beyond the time the commission was legally empowered to act.

Assuming but not deciding, that the legal existence of the Beach Commission terminated when Mr. Justice Perskie signed an order on December 10th, 1938, discharging Asbury Park from the control of the Municipal Finance Commission, the leases in question having been executed on November 29th, 1938, must nevertheless be held to be valid and binding despite the fact that their terms began on January 1st, 1939.

There is no case exactly in point in New Jersey but a similar case in *City of Biddeford* v. *Yates, 72 Atl. Rep.* 335, which held that one municipal body could bind the governmental body succeeding it, by a lease to operate *"in futuro"* at a time after the term of office of the body granting the lease had terminated.

*Jones Co.* v. *Guttenberg, 66 N. J. L.* 659; *48 Atl. Rep.* 537, holds (at *p.* 670) : "The duty to issue the bonds being ministerial, and upon the board of councilmen, which was a continuous body, that duty could not be avoided because of a change of membership of the board, under a claim, after such change and after the bonds had been awarded, of a right to review the discretion of previous members, because the relators, by the acceptance of their bid, had acquired rights of which they could not be deprived in that way."

Since the Beach Commission was substituted wholly and completely for the city council of Asbury Park, in so far as the beach front was concerned, and since the commission was authorized by the act upon assuming office to fulfill, perform, and carry out according to law, any and all contracts, agreements and obligations theretofore lawfully made and entered into by the governing body of Asbury Park, the Beach Commission must be regarded legally, as a continuous body, so as to bind the present city council of Asbury Park which succeeded to its authority.

I have considered the other points argued and find them to be without merit.

The motion in each case is granted.