CHARLES A. DAVIS, CONSUL OF THE KING OF SAXONY, PLAIN-
TIFF IN ERROR V. ISAAC PACKARD, HENRY DISDIER AND
WILLIAM MORPHY.

314

316

The case was argued by Mr White, for the plaintiff in error; and by Mr Selden, for the defendants.

Mr White stated,

Mr Selden, for the defendants,

Mr Selden admitted,

Mr White, in reply,

Mr Chief Justice MARSHALL delivered the opinion of the Court.

This is a writ of error to a judgment rendered by the court for the correction of errors of the state of New York.

The defendants in error had obtained a judgment against Charles A. Davis in the supreme court of New York, which was removed by writ of error into the court for correction of errors. In that court the said Davis assigned for error, that he was, when the suit was instituted, and has ever since continued to be consul-general of his majesty the king of Saxony, in the United States, and ought, according to the constitution and laws of the United States, to have been impleaded in the said supreme court of the United States, or in some district

court of the said United States, and that the said supreme court had not jurisdiction, and ought not to have taken to itself the cognizance of the said cause. The defendants in error replied, that there was no error; and the court for the correction of errors affirmed the judgment of the supreme court.

This last judgment was brought before this court in conformity with the twenty-fifth section of the judicial act, and this court being of opinion " that the said Charles A. Davis being consul-general of the king of Saxony, exempted him from being sued in the state court, and that by reason thereof, the judgment rendered by the court for the correction of errors, was erroneous ; therefore, it was considered, ordered and adjudged, that the judgment of the said court for the correction of errors should be, and the same is reversed ; and that this cause be remanded to the said court for correction of errors, with directions to conform its judgment to this opinion."

The mandate issued in pursuance of this judgment having been received by the court for the correction of errors, that court declared and adjudged, " that a consul-general of the king of Saxony is, by the constitution and law of the United States, exempt from being sued in a state court ;" and did further adjudge and declare, " that the supreme court of the state of New York is a court of general common law jurisdiction, and that, by the laws of this state, this court [the court of errors] has no jurisdiction, power or authority to reverse a decision of the said supreme court for any error in fact, or any other error than such as appears upon the face of the record and proceedings of the said supreme court, and that no other errors can be assigned, or regarded as a ground of reversal of a judgment of the said supreme court, than such as appear upon the record and proceedings of the said supreme court, and which relate to questions which have actually been brought before the justices of that court for their decision thereon, by a plea to the jurisdiction of the court, or otherwise ; and that this court was not authorised to notice the allegations of the said Charles A. Davis assigned for error in this court, that he was consul-general of the king of Saxony, or to try the truth of the said allegation, or to regard the said allegation as true ; and that, by the laws of this state, the replication of the defendant to an assignment of errors, that there is no error in the re-

cord and proceedings aforesaid, or in the giving of the judgment of the supreme court, was not an admission of any matter assigned as error in fact, or which was not properly assignable for error in this court; and that if there was no error upon the face of the record and the proceedings in the supreme court, the defendant in error was entitled to a judgment of affirmance, according to the laws of this state; any matter assigned for error in fact, to the contrary notwithstanding. And it is further declared and adjudged, that by the laws of this state, if there be any error in a judgment of the said supreme court, or in the proceeding, which is properly assignable for error in fact, the party aggrieved by such error may sue out a writ of error coram vobis, returnable to the said supreme court, upon which the plaintiff in error may assign errors in fact. And if such errors in fact are admitted, or are found to be true by the verdict of a jury, upon an issue joined thereon, the said supreme court may revoke their said judgment; and that for any error in the judgment of the said supreme court, upon the said writ of error coram vobis, this court has jurisdiction and authority, upon a writ of error to the said supreme court, to review the said last mentioned judgment, and to give such judgment in the premises as the said supreme court ought to have given. It is therefore the opinion of this court that, although the said Charles A. Davis, the plaintiff in error in this cause, might have been the consul-general of the king of Saxony, and, as such, was not liable to be sued in the state court, yet inasmuch as the fact that he was such consul, no where appeared in the record of the judgment of the said supreme court, the defendant in error is entitled to the judgment of this court, affirming the judgment of the said supreme court. But the defendant in error, having, upon the filing of the said mandate of the said supreme court of the United States, applied to this court to dismiss the writ of error to the said supreme court of this state, it is therefore ordered and adjudged, that the last mentioned writ of error be quashed; and it is further ordered and adjudged, that the defendants in error recover against the plaintiff in error their costs, &c."

This judgment also has been brought before this court by writ of error, and it has been argued, that the mandate on the

former judgment has been disregarded, and that, consequently, this second judgment ought to be reversed.

The court has felt great difficulty on this question. The importance of preserving uniformity in the construction of the constitution, laws and treaties of the United States, must be felt by all ; and the impracticability of maintaining this uniformity, unless the power of supervising all judgments in which the constitution, laws or treaties of the United States may be drawn into question, be vested in some single tribunal, is too apparent for controversy. The people of the United States have vested that power in this tribunal, and its highest duty is to exercise it with fidelity. The point of difficulty in this case is to decide, whether the legitimate exercise of this power has been obstructed by the judgment of the court of errors of New York, now under consideration.

It is not to be admitted, that the court whose judgment has been reversed or affirmed, can re-judge that reversal or affirmance ; but it must be conceded, that the court of dernier resort in every state, decides upon its own jurisdiction, and upon the jurisdiction of all the inferior courts to which its appellate power extends. Assuming these propositions as judicial axioms, we will inquire whether the judgment of the court of errors for the state of New York is in violation of the mandate of this court.

The original judgment of the court of errors, which was brought before this court, was reversed in terms. This reversal was not to depend upon any act to be performed, or opinion to be given by the court of errors ; but stood absolute by the judgment of this court. So is the law, and so was the judgment rendered by this court. Its language, after expressing the opinion that Charles A. Davis, being consul-general of the king of Saxony, exempted him from being sued in a state court, is, " therefore it is considered, ordered and adjudged by this court, that the judgment of the said court for the correction of errors be, and the same is hereby reversed." On filing the mandate there, the said judgment stood reversed.

Neither the judgment nor mandate of this court, prescribed, in terms, the judgment which should be rendered by the court of errors of New York. This court proceeded to order, that the cause be remanded to the said court for the correction of errors,

with directions to conform its judgment to the opinion of this court. The opinion expressed therein was, that Charles A. Davis, being consul-general of the king of Saxony, exempted him from being sued in the state court.

The judgment rendered in the court of errors being thus reversed, because of this exemption, it was for the court of errors to inquire and decide in what manner it should conform its judgment to this opinion. Had that court re-entered its former judgment, the direct opposition of this proceeding to the mandate, would have been apparent. But this was not done. The court of error admitted the exemption of Charles A. Davis from being sued in the courts of a state ; but added, that the fact did not appear in the record of the proceedings of the supreme court of New York ; and that its own power did not extend to the reversal of any judgment of that court, for an error of fact not apparent on the face of the record, though it should be assigned as error in the court for the correction of errors.

This could only be effected, regularly, by suing out a writ of error coram vobis, in the supreme court of the state, whose judgment on that writ might be revised in the court for the correction of errors.

The court also added its opinion, that the defendant in error was entitled to its judgment affirming that of the supreme court, but did not give the judgment of affirmance. Upon filing the mandate, the counsel for the defendant in error moved the court to dismiss the writ of error to the supreme court of the state, and the court ordered it to be quashed.

The judgment of the court of errors then affirming the judgment of the supreme court of the state, stands reversed, and the writ of error to that judgment is quashed, leaving the defendant, in the original action, at full liberty to sue out and prosecute his writ of error coram vobis, for its reversal in the supreme court of New York.

If the jurisdiction of the court for the correction of errors does not, according to the laws by which the judicial system of New York is organised, enable that court to notice errors in fact in the proceedings of the supreme court, not apparent on the face of the record, it is difficult to perceive how that court could conform its judgment to that of this court, otherwise than

by quashing its writ of error to the supreme court. Had that been its original judgment, it is not believed that this court would have reversed it ; and we do not think that as now rendered, it can be held to be erroneous.

The judgment is affirmed with costs.

This cause came on to be heard on the transcript of the record from the court for the correction of errors of the state of New York, and was argued by counsel ; on consideration whereof, it is the opinion of this court, that there is no error in the judgment of the said court for the correction of errors of the state of New York, quashing the writ of error from the supreme court of judicature of New York; whereupon it is ordered and adjudged by this court, that the said judgment of the said court for the correction of errors be, and the same is hereby affirmed with costs.