No. 6399.

WIDOW MARY MURPHY vs. THE FACTORS AND TRADERS' INSURANCE COMPANY ET AL.

Under our laws and jurisprudence, all parties who do not appeal from a judgment are appellees and the judgment cannot be reversed or amended as to them.

Hence, in a case brought from this Court to the Supreme Court of the United States, and our judgment is there reversed, none but the party who took the writ of error can invoke any relief under the judgment of reversal, although the interests of other persons who were parties to the original suit, could be affected by the judgment.

When this Court is instructed to render a decree so as to conform to the opinion of the Supreme Court of the United States, it will not render a judgment which militates with the established rules of our jurisprudence. It is an inherent power in the highest court of every State, even while enforcing a judgment of the Supreme Court of the United States, to decide upon its own jurisdiction and upon the jurisdiction of all inferior courts to which its appellate power extends.

APPEAL from the Fifth District Court for the Parish of Orleans. *Cullom, J.*

*James D. Coleman* for Plaintiff.

*R. L. Gibson* and *G. L. Hall* and *Singleton, Browne & Choate* for Defendants.

———

The opinion of the Court was delivered by

Poché, J.   The present contest grows out of a motion to execute the mandate of the Supreme Court of the United States, reversing the judgment of this Court under a writ of error obtained and brought up by the Factors and Traders' Insurance Company, one of the defendants and appellants in the case on appeal to this tribunal.

Our judgment was in favor of plaintiff, and against the Factors and Traders' Insurance Company and several other defendants; and was to the effect that the prior lien and mortgage claimed by the Insurance Company and the privileges severally claimed by the other defendants had been extinguished by confusion, growing out of the purchase, jointly, by these defendants, of the property on which they claimed their several mortgages and privileges.   33 Ann. 454.

Reversing our judgment, in so far as it rejected said privileges, the Supreme Court of the United States held that although the bankruptcy sale did not affect the mortgage rights of the plaintiff, it had no greater effect on the liens set up by the other parties who had participated in the purchase and who were not thereby debarred of the right of enforcing these liens under a sale which the mandate of that Court authorized to be made at the instance of Widow Mary Murphy.   The Court further recognized a prior and ranking privilege in favor of the Insurance Company, for amounts disbursed in the payment of taxes and prior liens and for the preservation of the property since the sale, subject to its accounting for such rents and profits as may have been received by it from said property.

Unfortunately for a speedy administration of justice in the premises, that exhalted tribunal did not draw its own decree, but directed this Court to enter a decree in conformity to its opinion.

The contention made by plaintiff is that the writ of error having been taken by one of the defendants only, the decree rendered by the Supreme Court cannot affect the other defendants whose rights were determined and concluded under our decree, which decree could not be revised *quoad* the defendants, who had not made themselves parties to the writ of error from the Supreme Court of the United States to this tribunal.

Murphy vs. Insurance Company et al.

The record shows the existence of the facts as advanced by plaintiff; and we feel great difficulty to reach a proper solution of this complication which we sincerely regret.

The language used in the opinion which we are called to interpret, and from which we are required to frame a proper decree, unmistakably impresses the mind with the conclusion that the opinion has reference to all the defendants who had set up liens or mortgages to, and had participated in the purchase of, the property at the sale in bankruptcy. Hence, the natural conclusion would favor a decree affecting the rights of all these parties. But in this process of reasoning we are met with two unalterable rules of law and practice which effectually prohibit such an application.

One of those rules emanates from the practice in the Supreme Court of the United States, under which judgments are held to be conclusive only between the parties and their privies. None of the defendants, besides the Insurance Company, are parties to the writ of error which culminated in the reversal of our judgment. And it is too plain for controversy that there is no privity between the other defendants and the plaintiff in error. The nature of their demands is that they severally claim privileges on the property, superior or prior in rank to the lien and to the mortgage claimed by the Insurance Company. Far from being identical in interest with the latter, they are actually and legally in antagonism to the company.

Under our practice the rule on this subject is elementary and is coeval with our jurisprudence. All parties who do not appeal or do not perfect their appeal are appellees and the judgment cannot be amended as to them. The rule has been applied to the following extent. In a suit against two partners, judgment was rendered against them *in solido*. One of the defendants alone appealed and this Court reversed the judgment of the lower court, and rendered a judgment in favor of the *defendants*, and in a subsequent proceeding it was held by this Court that the judgment of reversal could not be invoked by the defendant who had not appealed, and that the judgment rendered against him in the lower court remained in full force and vigor, notwithstanding the release therefrom of his co-debtor and co-defendant. Howard vs. Waggaman, 28 Ann. 99.

We, therefore, consider the rule as equally well established under both systems of practice, to the effect that a judgment is conclusive only between the parties, and that a judgment of reversal by an appellate court of final resort, cannot avail a party who has not participated in the appeals or in the writ of error as the case may be.

But movers contend that as the title to the property was in the Insurance Company alone, when the suit was instituted, the corporation was the only defendant sought by plaintiff, and that, as it held the property in trust for the other privilege creditors, the decree must redound to the benefit of all of said parties.

Pretermitting a discussion of the right of the Insurance Company to thus champion the rights of these parties, and conceding such right for the sake of argument, we find in the record that in its answer to the original suit, the Insurance Company disclosed the names and the interests of these parties, and asked that they be cited to appear and defend their respective interests. Thus we see that the company had severed its connection as the agent or trustee of these parties, and formally declined to further represent them in the contest.

The record shows that the creditors thus called, who had been the co-adjudicatees at the bankruptcy sale, all came into court and made their own respective defenses— and that with one solitary exception, they severally and separately took and perfected their appeals to this Court from the district court. We need not argue the proposition which is deeply imbedded in our jurisprudence, that as to the defendant who was not an appellant before us we were powerless to grant him any relief from the judgment which had been submitted to our action by his co-defendants.

The same obstacle lies in the way of defendants, appellants, who were cast in this Court and who failed to make themselves parties to the writ of error from the Supreme Court of the United States.

Until otherwise informed, we cannot presume for a moment that the highest tribunal in the land intended, by its judgment, to reach, either by burden or relief, persons who were not parties or privies to the proceedings under which the matter was brought to its revision.

We must therefore hold, as we believe, that under the legal meaning and import of the decision, none of the parties in this controversy, besides the plaintiff in error, can successfully invoke any relief under the effect of the opinion which now occupies our respectful attention.

We would feel great diffidence to construe an opinion of that exalted tribunal in a manner apparently conflicting with the literal meaning of the language used, did we not understand, under our sense of duty, that the authority to thus proceed has been sanctioned by that Court itself.

In the case of Davis vs. Packard, 8 Peters, 320, the Court dealing with a kindred matter, announced the following proposition :

" Though the highest Court of a State to which a writ of error goes from this Court, cannot re-examine a reversal or affirmance here, and though the judgment of this Court, that the judgment of the State Court be reversed, does *ipso facto* reverse it, yet if the mandate does not direct any mode of proceeding thereon the State Court must judge of its own jurisdiction and proceed accordingly."

In that case the plaintiff in error had been sued in a State Court, and his plea having been rejected in the court of the first instance as well as in the highest court of the State, he sought relief in the Supreme Court of the United States, where the judgment of the State Court was reversed and the case remanded to it, with instructions to conform its judgment to the opinion rendered. In due course the mandate of the Supreme Court was ordered filed in the State Court, but the latter Court, after reversing its previous judgment, dismissed the appeal from the court of the first instance, on the ground that the error complained of not being apparent on the record, the Court, which was a court for the correction of errors, was without power to pass on an alleged error not apparent in the record. On a writ of error to correct the latter judgment, the Supreme Court refused to interfere, and justified the course of the State Court.

Owing to the importance of the doctrine there established, we make it our pleasant duty to herein transcribe the following language which fell from the pen of Chief Justice Marshall, the organ of the Court in that case : " It is not to be admitted that the Court whose judgment has been reversed or affirmed, can rejudge that reversal or affirmance; but it must be conceded that the court of *dernier ressort* in every State decides upon its own jurisdiction and upon the jurisdiction of all the inferior courts to which its appellate power extends." *    *    *
Neither the judgment nor mandate of this Court prescribed, in terms, the judgment which should be amended by the court of errors of New York. This Court proceeded to order that the cause be remanded to the said court for the correction of errors with direction to conform its judgment to the opinion of this Court. *    *    *

" The judgment rendered in the court of errors being thus reversed, because of this exemption, it was for the court of errors to inquire and decide in what manner it should conform its judgment to this opinion. Had the Court re-entered its former judgment, the direct opposition of this proceeding to the mandate would have been apparent. But this was not done." *    *    *

" If the jurisdiction of the court for the correction of errors does not, according to the laws by which the judicial system of New York is

organized, enable that court to notice errors in fact in the proceedings of the Supreme Court, not apparent on the face of the record, it is difficult to perceive how that court could conform its judgment to that of this Court otherwise than by quashing its writ of error to the Supreme Court. Had that been its original judgment, it is not believed that this Court would have reversed it; and we do not think that, as now rendered, it can be held to be erroneous."

The similarity between the two cases is made apparent by the foregoing quotations. In the present instance, as no judgment rendered by us on appeal could affect or benefit parties who were not appellants in the case, it is difficult to conceive how we could attach such an effect as to parties similarly situated in a judgment rendered by the Supreme Court of the United States.

Hence, we have concluded to order the following decree:

Considering that the judgment rendered in this Court against the Factors and Traders' Insurance Company in this cause has been reversed and set aside by the Supreme Court of the United States on a writ of error obtained by said Insurance Company, it is ordered, adjudged and decreed that our said judgment rendered against the Factors and Traders' Insurance Company is now reversed and set aside; and that in order to conform with the opinion of the aforesaid Supreme Court, the judgment rendered against said Insurance Company in the Fifth District Court for the parish of Orleans in the case entitled Widow Mary Murphy vs. The Factors and Traders' Insurance Company et al. be and the same is hereby annulled, avoided and reversed; and that said cause be remanded to the Civil District Court for the parish of Orleans, now vested with jurisdiction over the same, to be therein proceeded with according to law and the views herein expressed.

It is further ordered that Widow Mary Murphy be allowed to proceed under the mortgage to a sale of the mortgaged property, and that the funds realized from said sale, as well as from the accounting which the Factors and Traders' Insurance Company is hereby ordered to make of the rents and revenues which said company has received on account of said property, be brought into court for distribution and that the same be applied as follows:

1. To the payment of the costs incurred and to be incurred in order to effect said sale.

2. To reimburse the Factors and Traders' Insurance Company in all disbursements made for the payment of taxes and prior liens and for the preservation of said property from loss and deterioration.

Budd et al. vs. Tax Collector et al.

3. To the payment in equal shares of the mortgage of said Widow Murphy and of the Factors and Traders' Insurance Company.

It is further ordered that all costs incurred by the appeal of the said Insurance Company to this Court, and by the writ of error from the Supreme Court of the United States, and all costs incurred in the lower court in the case of Widow Murphy vs. Factors and Traders' Insurance Company, except as hereinabove provided for to effect the sale of the mortgaged property, be paid by said Widow Mary Murphy.