STENGER v. STENGER BROADCASTING
CORPORATION et al.
No. 166.

District Court, M. D. Pennsylvania.
July 31, 1939.

408

R. Lawrence Coughlin, of Wilkes-Barre, Pa., for plaintiff.

Herman J. Goldberg, Howard E. Kennedy, and Francis J. Murray, all of Wilkes-Barre, Pa., for defendants.

JOHNSON, District Judge.

This is a motion by defendants to dismiss the action, and to discharge a rule to show cause why a preliminary injunction should not be granted.

The following are the essential facts: John H. Stenger, Jr., the plaintiff, holds a license from the Federal Communications Commission to operate radio broadcasting station WBAX, located at Wilkes-Barre, Pennsylvania.

The plaintiff has executed certain contracts whereby he has promised to assign his license to the defendants, subject to the approval of the Federal Communications Commission, and whereby he has agreed with defendants on certain arrangements for the operation and control of the station, pending the approval of the commission. The parties to these contracts could not agree on their respective rights thereunder, and on April 19, 1939, the Stenger Broadcasting Corporation, and Glenn D. Gillett brought a bill in equity in the Court of Common Pleas of Luzerne County, Pennsylvania, against John H. Stenger, Jr., alleging that he had violated his agreement, asking for a special injunction to preserve the status quo pending final determination of the bill, and for certain other relief. On May 1, 1939, the Luzerne County Court issued an order directing that the status quo be maintained as it existed at the time of filing the bill, and restraining John H. Stenger, Jr., from selling or encumbering the title to his license pending the trial of the case.

On May 10, 1939, John H. Stenger, Jr., filed a complaint in this court alleging that as a result of the special injunction issued by the Court of Common Pleas of Luzerne County, the defendants are interfering with the control and operation of Station WBAX in violation of Section 310(b) of the Federal Communications Act of 1934, 47 U.S.C.A. § 310(b), which provides that a radio station license shall not be transferred without the consent of the Communications Commission. The complaint also requests a mandatory injunction requiring the defendants to give plaintiff the entire business management and control of Station WBAX. This would violate the status quo as it existed at the time of the order of the Luzerne County Court which directed that the "status quo" be maintained until final disposition of the case by that court.

On May 12, 1939, a rule was granted on the defendants to show cause why the prayer of the complaint should not be granted, and on the same day the defendants moved to dismiss the action for lack of jurisdiction, and to discharge the rule. This motion and rule were argued on May 15, 1939.

The defendants contend that the state court has exclusive jurisdiction of the matter, and that Section 265 of the Judicial Code, 28 U.S.C.A. § 379, prohibits this court from interfering. It is contended by the plaintiff, however, that this court has exclusive jurisdiction because the interpretation and enforcement of the Federal Communications Act is involved.

An examination of the record shows that there are two distinct aspects of this case: (1) The rights and obligations of the parties under the various contracts which they entered into; and (2) an alleged violation of the Communications Act. These matters will be considered in this order.

The interpretation and enforcement of the contracts, which the parties entered into, requires no direct application of the Federal Communications Act. The fact that the subject of these contracts is a radio station, which must be operated in accordance with the terms of the Act, is merely incidental. No ground for Federal jurisdiction is alleged, and no Federal question is raised. This aspect of the case is simply a matter of interpreting and enforcing a contract, and this can be accomplished through the equity proceedings which are now pending in the Court of Common Pleas of Luzerne County. In fact, in the absence of an allegation which sets up some ground for Federal jurisdiction, such as diversity of citizen-ship, the state court is the only proper forum for the determination of this aspect of the case.

■ Furthermore, the complaint, in effect, asks this court to issue an injunction which would restrain the prosecution of the proceedings already commenced in the Court of Common Pleas of Luzerne County. This is prohibited by Section 265 of the Judicial Code, 28 U.S.C.A. § 379, which provides: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

■ The prohibition of this section extends not only to orders of the Federal court which directly restrain proceedings in the state courts, but also to all orders which necessarily have that effect. Amusement Syndicate Co. v. El Paso Land Imp. Co., D. C., 251 F. 345; Reisler v. Forsyth, D.C., 21 F.Supp. 610.

■■ The second aspect of the case is the alleged violation of Section 310(b) of the Federal Communications Act, 47 U.S.C.A. § 310(b). This section prohibits the transfer of a radio station license without the consent of the Federal Communications Commission. Proceedings are now pending before the Commission to obtain its consent to the transfer in question. The Communications Act gives the Commission the sole authority to execute and enforce its provisions, and gives the Commission ample powers to do so. Section 401(a), 47 U.S.C.A. § 401(a), provides that "The district courts of the United States shall have jurisdiction, upon application of the Attorney General of the United States at the request of the Commission, alleging a failure to comply with or a violation of any of the provisions of this Act [chapter] by any person, to issue a writ or writs of mandamus commanding such person to comply with the provisions of this Act [chapter]."

Under this section, the Commission is the proper forum before which to institute proceedings concerning alleged violations of the Act. The proceedings now pending before the Commission in this case appear to give the plaintiff an adequate opportunity to have this aspect of the case determined in the first instance by the Commission, and therefore this court will not interfere.

It is ordered that the rule heretofore granted to show cause why a preliminary injunction should not issue, be and hereby is discharged, a preliminary injunction is refused, and the action is hereby dismissed.