HOMER H. JOHNSON, APPELLANT, V. RADIO STATION WOW, INC. ET AL., APPELLEES.

19 N. W. 2d 853

FILED SEPTEMBER 20, 1945.    No. 31685.

*Stewart, Stewart & Whitworth* and *Ralph W. Slocum,* for appellant.

*Brown, Crossman, West, Barton & Fitch, Rainey T. Wells, Paul P. Massey, Peterson & Devoe, Cline, Williams & Wright,* and *William P. Kelley,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

The question before us is the nature of the judgment to

(429)

be entered on a mandate issued by the Supreme Court of the United States. The previous history of the case is fully recited in *Johnson v. Radio Station WOW, Inc.*, 144 Neb. 406, 13 N. W. 2d 556, and *Radio Station WOW, Inc., v. Johnson*, 326 U. S. 120, 89 L. Ed. 1397, 65 S. Ct. 1475. The opinion of the Supreme Court of the United States contains the following: "We think that State power is amply respected if it is qualified merely to the extent of requiring it to withhold execution of that portion of its decree requiring retransfer of the physical properties until steps are ordered to be taken, with all deliberate speed, to enable the Commission to deal with new applications in connection with the station." The mandate duly filed in this court requires that the cause be "remanded to the said Supreme Court for further proceedings not inconsistent with the opinion of this court."

It is a fundamental rule, recognized both by this court and the Supreme Court of the United States, that the courts of last resort of the states and of the United States are peers in their respective fields. In *First Trust Co. v. Smith*, 134 Neb. 84, 277 N. W. 762, we quoted the following language with approval from *Franklin v. Kelley*, 2 Neb. 79: "The United States supreme court and the supreme court of this state are peers. The decisions of the former upon the federal Constitution and laws are binding on the latter; the decisions of the latter upon the Constitution and laws of Nebraska are binding on the former." In *Erie R. Co. v. Tompkins*, 304 U. S. 64, 82 L. Ed. 1188, 58 S. Ct. 817, the Supreme Court of the United States restated the doctrine by adopting the language of Mr. Justice Field contained in his dissent in *Baltimore & O. R. Co. v. Baugh*, 149 U. S. 368, 37 L. Ed. 772, 13 S. Ct. 914, as follows: "I am aware that what has been termed the general law of the country—which is often little less than what the judge advancing the doctrine thinks at the time should be the general law on a particular subject—has been often advanced in judicial opinions of this court to control a conflicting law of a State. I admit that learned judges have fallen into the habit of repeating this doctrine as a convenient mode of brushing aside the

law of a State in conflict with their views. And I confess that, moved and governed by the authority of the great names of those judges, I have, myself, in many instances, unhesitatingly and confidently, but I think now erroneously, repeated the same doctrine. But, notwithstanding the great names which may be cited in favor of the doctrine, and notwithstanding the frequency with which the doctrine has been reiterated, there stands, as a perpetual protest against its repetition, the Constitution of the United States, which recognizes and preserves the autonomy and independence of the States—independence in their legislative and independence in their judicial departments. Supervision over either the legislative or the judicial action of the States is in no case permissible except as to matters by the Constitution specifically authorized or delegated to the United States. Any interference with either, except as thus permitted, is an invasion of the authority of the State and, to that extent, a denial of its independence."

The present action was one to set aside a lease of a radio station on the ground of fraud. This is a matter lodged solely within the jurisdiction of the Nebraska courts and the opinion of the Supreme Court of the United States, in the present case unequivocally so holds. The only possible basis for the attaching of federal jurisdiction was as to whether the judgment of this court encroached upon the powers of the Federal Radio Commission when it directed the parties "to do all things necessary" to secure a return of the license to the defrauded society. In deciding that question, the Supreme Court of the United States decided the only question it had any power to determine.

The mandate of the Supreme Court of the United States directing this court to withhold its mandate on a matter solely within the jurisdiction of the state courts encroaches upon the plenary powers of this court and tends to undermine the autonomy and destroy the independence of the state courts in a field where they are admittedly supreme.

The contention advanced in the opinion that state power is amply respected, even if it is qualified to the extent of re-

quiring the withholding of execution, constitutes a specious argument. A recognition of a right on the part of the Supreme Court of the United States to in any manner interfere with the processes of this court within its exclusive field, or any other attempt by that court to impose its views upon this court on a matter within the sole jurisdiction of the state court, constitutes an entering wedge which will surely result in further encroachments upon state power. We recognize that state and federal courts each have fields solely within the jurisdiction of each, but we insist that there is an obligation on the part of each to abstain from all interference with the other when it perceives that the subject matter of the action is within the exclusive jurisdiction of the other. There is little or no danger of collision if each will measure its functions by the standard created for the guidance of both. But if the state court, to avoid such a collision of power, submits to the encroachment without asserting its rights, then an immunity to claim and usurp state power is established. In protecting the limits of our exclusive jurisdiction from invasion by pointing out the lurking danger, inquiry will be awakened, fundamental principles reinvestigated and constitutional limitations reexamined.

The effect of the restriction imposed is to restrain the issuance of the court's process for the enforcement of its judgment. This is specifically prohibited by section 265 of the Judicial Code, 28 U. S. C. A., sec. 379, which provides: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." It has been held that the prohibition of this section extends not only to orders of the federal court which directly restrain proceedings in the state courts, but also to all orders which necessarily have that effect. *Amusement Syndicate Co. v. El Paso Land Improvement Co.*, 251 Fed. 345; *Reisler v. Forsyth*, 21 F. Supp. 610; *Stenger v. Stenger Broadcasting Corporation*, 28 F. Supp. 407.

The opinion of the Supreme Court of the United States recites that new situations call for new adaptations of judicial remedies. We agree with this as an abstract statement, but fail to see any application to the situation at bar. Certainly, such a pronouncement will not sustain an encroachment upon the jurisdiction of another independent court. It is further recited in effect that as the United States Supreme Court has had occasion to limit the jurisdiction of federal courts until state courts can pass upon state issues involved in federal court litigation, it constitutes a justification for interfering with the judicial processes of the state court. If a court may, by unilateral action, impose its will upon another occupying an exclusive field under any such theory of compensation, reciprocity or comity, the latter simply has no exclusive jurisdiction except at the sufferance of the former. The powers of the state and the independence of its judicial system do not rest on any such uncertain foundation.

We respectfully assert that the Supreme Court of the United States cannot properly supervise or interfere with the exercise of the powers of the state courts within their exclusive fields and thus infringe upon the authority of the state or destroy the independence of its courts. Consequently, the attempt of that court to so do will be treated as advisory and not mandatory by this court. The right of this court to so protect its own jurisdiction cannot be questioned. In *Davis v. Packard*, 8 Peters 312, 33 U. S. 197, a case involving a similar question, it was said: "It is not to be admitted, that the court whose judgment has been reversed or affirmed, can rejudge that reversal or affirmance; but it must be conceded, that the court of dernier resort in every state, decides upon its own jurisdiction, and upon the jurisdiction of all the inferior courts to which its appellate power extends."

The mandate of this court will therefore issue on order by this court without reference to the advisory directions contained in the mandate of the Supreme Court of the United States. So ordered.

YEAGER, J., dissenting.

I cannot see that any good purpose is to be served by an opinion on the issuance of a mandate but since one has been adopted by the majority challenging the jurisdiction of the United States Supreme Court to give the direction contained in its opinion a clarifying statement ought to be made.

At the outset I will say that I find no fault whatever with the proposition that the courts of last resort are peers in their respective fields. I find no fault with the following quotation in the majority opinion from *First Trust Co. v. Smith,* 134 Neb. 84, 277 N. W. 762: "The United States supreme court and the supreme court of this state are peers. The decisions of the former upon the federal Constitution and laws are binding on the latter; the decisions of the latter upon the Constitution and laws of Nebraska are binding on the former." If this were all that is involved the matter could be very readily disposed of, but there are other considerations which must be taken into account.

In the original opinion, after making disposition of the radio station as distinguished from the license from the Federal Communications Commission to operate it, the following appears: " * * * that the license to operate the station be returned and that lessee is directed to do all things necessary for that purpose; that generally everything be done to restore the parties to their original position prior to the entering into the leases; * * * ."

A supplemental opinion was adopted dealing, among other things, with the license to operate the radio station but this language of the first opinion was never withdrawn and I submit that its substance was never modified.

In the supplemental opinion appears the following: "We conclude at the outset that the power to license a radio station, or to transfer, assign or annul such a license, is within the exclusive jurisdiction of the Federal Communications Commission." Notwithstanding this conclusion the direction of the original opinion was permitted to remain.

It is true that the supplemental opinion in the following

language conceded that this court had no jurisdiction over the issuance of the license: "It is true that the Federal Communications Commission may refuse to approve the reissuance of a license to the Woodmen of the World Life Insurance Society." But nowhere therein was the mandate to the lessee with regard to the license withdrawn.

It was on the ground that the state court had invaded the federal jurisdiction by its direction with regard to the radio license that the United States Supreme Court accepted jurisdiction. In its opinion that court recognized the full and complete jurisdiction of this court over the entire subject matter except the radio license. Over the license it held that this court had no jurisdiction, and properly so.

Perhaps unnecessarily but wisely the effect of the opinion was to recognize the fact that unless the license could accompany a retransfer of the properties of the station the full purposes outlined in the opinion of this court could not be accomplished. To that end direction was given to this court to withhold its mandate a sufficient length of time to allow for action by the Federal Communications Commission on an application for transfer of the license.

To my mind, since this allowance of time ought in any event to be made either by withholding the mandate of this court or by the district court after issuance of mandate, it is not a matter of consequence whether we consider the direction of the opinion of the United States Supreme Court as mandatory, directory, or merely advisory. It appears to me that the majority opinion is but a volunteer discussion upon a subject whereon no opinion is required at the hands of this court and that by it no useful purpose is served.