NELSON et al. v. LEIGHTON et al.

Civil Action No. 3260.

United States District Court
N. D. New York.
Jan. 11, 1949.

Bliss & Bouck, of Schoharie, for plaintiff.

Rudd, Penberthy & Nelson, of Utica, for defendants Western Gateway Broadcasting Corporation and Winslow P. Leighton.

Borst, Smith, Benedict, O'Loughlin & Smith, of Schenectady, for defendant James E. O'Loughlin.

BRENNAN, Chief Judge.

There are pending before this Court several motions made by the parties, which have as their purpose the securing of several types of relief. Action thereon is deferred until the question of a remand raised through the medium of an order to show cause is determined, and that question alone is considered herein.

The point raised by the moving party on this motion is that this Court is without jurisdiction of this action, since no federal question is involved therein.

The action was originally started in the Supreme Court of the State of New York and was removed into this Court by proceedings had in December, 1948. The basis of such removal is that this suit is a civil action over which the District Court has original jurisdiction, and arises under the Constitution and laws of the United States, and under the Acts of Congress relating to commerce " * * * in that the complaint is predicated upon and raises questions of law involving the construction, interpretation and application of the Communications Act of 1934 [47 U.S.C.A. § 151 et seq.] and the regulations and rules of the Federal Communications Commission."

The question of the existence in an action of a federal question, which is sufficient to confer jurisdiction upon a United States District Court and to warrant the removal of such suit to the latter court, has been the subject of continued controversy, at least since the case of Osborn v. Bank of the United States, 9 Wheat. 738, 6 L.Ed. 204. The basic right of removal is found in 28 U.S.C.A. § 1441(b), as follows:

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

The section above quoted is taken from 28 U.S.C.A. § 71, and it is to be noted that the quoted section, in substance, substitutes the word "founded" for the word "arising." The change in language emphasizes rather than changes the requirement that the federal question must, in fact, be a vital or essential element of the action in order that same may be removable. The difficulty encountered on this motion is not in determining what law applies, but rather in its application. All the litigants herein agree that the opinion of Judge Cardozo in Gully v. First National Bank, 299 U.S. 109, at pages 112 and 113, 57 S.Ct. 96, 97, 81 L.Ed. 70, sets up the tests to be applied in determining the existence of a federal question. The quotation is set out below:

"To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action (citing cases). The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if

they receive another (citing cases). A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto (citing cases), and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal (citing cases)."

The above quotation is accepted as a statement of the existing law since the right referred to therein as "an essential one" is construed to mean the same as "founded on a claim or right," as that term is used in Section 1441(b) above referred to. Just as a structure depends for its existence as such upon its foundation, so too this action must depend upon a claim or right arising under the laws of the United States. In other words, if this action may be maintained without the determination of a federal question, then this Court has no jurisdiction, since the action has a sufficient non-federal foundation to support it. To summarize, to give this Court jurisdiction, (a) this action must be founded upon a claim or right arising under the Constitution or laws of the United States; (b) it must be such that the construction or interpretation of the Constitution or a federal statute will support or defeat the action depending upon the construction or interpretation given by the Court on the trial of the action; (c) a genuine and present controversy must exist as to the construction or interpretation of the Constitution or of a statute of the United States; (d) the controversy must be disclosed upon the face of the complaint, unaided by the answer or petition for removal.

Since the problem involves the applicability of the law as above discussed, recourse must be made to the complaint herein to determine whether or not this Court has jurisdiction within the rules of law above referred to. The disclosures made in the complaint will be briefly referred to in general terms.

It appears that in 1936 plaintiff Nelson and defendant Leighton formed a co-partnership under the name of Leighton and Nelson, and conducted an advertising agency at the City of Schenectady, New York. In 1939, the partners, acting jointly and through said partnership, organized the Western Gateway Broadcasting Corporation, which corporation obtained a license for and still operates radio station WSNY. Both partners held the same number of shares of stock in the corporation; were officers and directors therein, and co-operated as partners in the station enterprise.

In 1948, Leighton, without the knowledge of Nelson, proceeded to purchase a number of outstanding shares of stock of the corporation, and in the absence of Nelson caused the corporation to issue all of its unissued stock, which he purchased with partnership funds, placing one-half of such shares in the name of Nelson and an equal amount in his own name. In the same manner treasury stock of the corporation was issued and sold. The stock so purchased by Leighton, together with stock held by his relatives or members of his family, constituted a majority of the stock of the corporation and about July, 1948, at the annual stockholders' meeting, Leighton by voting the stock held by him, with those shares of stock held by his relatives, removed Nelson as a director of the corporation, and he was subsequently replaced as an officer thereof. It appears that Nelson was also removed as general manager sometime prior to the annual meeting of stockholders. The complaint is replete with allegations of fraud upon the part of Leighton in the matter of the statements made and acts occurring in connection with the purchase of the stock above mentioned. It charges a deliberate plan to gain control of the corporation to the detriment and financial loss of the corporation and the individuals named as plaintiffs in this action. It charges a breach of the fiduciary relationship existing between the partners and by Leighton as director and officer of the corporation. Conclusive allegations of mismanagement, waste, and misfeasance on the part of Leighton· are found in the complaint.

It is also alleged that defendant Leighton violated his duty in his relations to the stockholders and the corporation, in that by making the stock purchases above re-

ferred to he violated Section 310(b) of the Communications Act of 1934, 47 U.S.C.A. § 310(b), in that the station license required by the Act was transferred indirectly by the transfer of control of the Western Gateway Broadcasting Corporation without the consent in writing of the Federal Communications Commission; that his action also constituted a violation of Rule 1.321 of the Commission, thereby subjecting the corporation to possible action by the F. C. C.

The complaint contains some seventy-three paragraphs and prays for some twenty-three items of relief. It is far from a model of pleading. Motions designed to clarify same are still pending and no further comment will be made on that subject. It purports to state two separate causes of action, although defendants claim with some justification that it contains some eight separable controversies.

If the complaint is taken as it appears upon its face, then the first cause of action is based in fraud and upon the breach of duty imposed upon Leighton by reason of his relationship as a partner or director and officer of the corporation. It seeks injunctive relief, money damages and a restoration of the corporate and organization structure to the status existing in January, 1948.

The second cause of action is a stockholders' action (although most of the plaintiffs are not stockholders at the present time), in which is sought an accounting by Leighton, the annulment of all actions by the present board of directors, the voiding of the action taken at the stockholders' meeting, the restoration of the stock interests and corporate organization to that existing previous to the purchase by Leighton of the stock herein mentioned, and that a receiver be appointed to manage the corporation and prevent waste, dissipation and depreciation of its assets.

It is the defendants' contention that the allegations of a violation of the Federal Communications Act and rules of the F. C. C. in both causes of action raise a federal question sufficient to give this Court jurisdiction. The plaintiffs contend that each cause of action is based in fraud,

and the breach of fiduciary relationships; that the allegations as to the violation of the statute and rules above mentioned are incidental only, and at best require only the application of a federal statute, rather than an interpretation or construction thereof.

■ The determination of the controversy may well be prefaced by a brief discussion of the statute involved. In the Communications Act of 1934 Congress has set up a complete scheme for the regulation of radio transmission in the public interest. That scheme involves the enforcement in the first instance by administrative action of the provisions of law and the regulations adopted in pursuance thereto. The Commission is the proper forum to institute and prosecute proceedings concerning alleged violations of the Act. 47 U.S.C.A. § 151; Stenger v. The Stenger Broadcasting Corporation, D.C., 28 F.Supp. 407. The statute seems to be concerned only with the use of the broadcasting license granted to the holder thereof, and is interested in the ownership, personnel and facilities of the licensee only so far as they may affect the public interest.

"The Communications Act of 1934 did not create new private rights. The purpose of the Act was to protect the public interest in communications." Scripps-Howard Radio Corp. v. Comm. 316 U.S. 4, at page 14, 62 S.Ct. 875, 882, 86 L.Ed. 1229.

This is not an action based upon "a right and duty arising under the Act," as in Regents of New Mexico v. Albuquerque Broadcasting Company, 10 Cir., 158 F.2d 900, 908. Neither does the action seek to interfere with the ownership, transfer, or use of the broadcasting license, as in Radio Station WOW v. Johnson, 326 U.S. 120, 65 S.Ct. 1475, 89 L.Ed. 2092. This action is based upon a charge of misfeasance or malfeasance.

The transfer of stock ownership and the obtaining of corporate control by the purchase of a majority stock interest are every day transactions affecting corporate ownership and control. A finding of such transactions alone will afford the plaintiff no relief in this action. It must be fol-

lowed by the ultimate or principal finding of fraud, waste or a violation of duty.

Evidence of the violation of the Communications Act or regulations may be received as a basis for a finding of mismanagement or waste, but it is for the F. C. C. to determine what, if any, sanctions will be invoked by reason of the violation thereof. Plaintiffs do not in any way seek in this action to interfere with the ownership or use of the broadcasting license. The Communications Act comes into the case only as an alleged incident of defendants' wrongdoing. Interpretation of the construction of a federal statute is necessary to establish jurisdiction. The application thereof is insufficient.

Findings of fraud, waste or breach of duty will support this action, and are sufficient to sustain it. Under such circumstances this Court will not take jurisdiction. Lynch v. New York, 293 U.S. 52, 55 S.Ct. 16, 79 L.Ed. 191.

It seems plain to this Court that the action is deficient in the elements necessary to establish a federal question, as outlined in Gully v. First National Bank, supra, and that this Court has no jurisdiction.

In view of the decision it is unnecessary to discuss the question raised by the plaintiff as to the sufficiency of defendants' petition for removal. Such question may involve the determination of the existence of separable controversies, and the decision may better rest upon the grounds indicated above.

The action to remand is granted, and an order may be submitted accordingly.