WYDE, INC. and Wake, Inc., Plaintiffs,

v.

BARTELL BROADCASTING CORP., Wake Broadcasters, Inc., Bartell Broadcasters, Inc., Gerald Bartell, Lee Bartell, David Bartell and Melvin Bartell, Defendants.

United States District Court
S. D. New York.
Dec. 12, 1961.

---

4. Poor on Charter Parties (3d ed.), § 222.

Milton Pollack, New York City, for plaintiffs.

Joseph E. McMahon, New York City, for defendants Bartell Broadcasting Corp., Wake Broadcasters, Inc. and David Bartell.

MacMAHON, District Judge.

Plaintiffs move to remand this action to the state court on the ground that it was improperly removed under 28 U.S.C.A. § 1441(b) in that this court lacks jurisdiction over the subject matter.

Plaintiffs contend that this is simply an action for damages for common law fraud involving neither a federal question nor diversity. Defendants argue that a federal question is involved because the complaint alleges that in selling radio stations to plaintiffs, defendants falsely represented that they were operated "in full compliance with all applicable laws and rules, regulations and requirements of the FCC" when the defendants had knowingly exceeded allowable commercial announcements and failed to present the required number of public service programs.

The Communications Act of 1934, 47 U.S.C.A. § 151 et seq. does not create private rights. Scripps-Howard Radio, Inc. v. Federal Communications Commission, 316 U.S. 4, 14, 62 S.Ct. 875, 86 L.Ed. 1229 (1941). The complaint, therefore, does not allege a federal claim unless the Federal Communications Act, or the regulations promulgated thereunder, constitutes an "essential element" of plaintiffs' case. Gully v. First Nat. Bank, 299 U.S. 109, 112–113, 57 S.Ct. 96, 81 L.Ed. 70 (1936). If, however, the Communications Act enters only as an incident to defendants' wrongdoing, the claim does not arise under the laws of the United States. Nelson v. Leighton, 82 F.Supp. 661 (S.D.N.Y.1949).

In the Nelson case, an action based on fraud and breach of fiduciary duty in the sale of stock in a radio station was remanded to the state court. The court held that federal jurisdiction exists only where plaintiff's recovery turns on the interpretation of a federal statute or regulation.

Defendants have failed to direct the court's attention to any provision of the statute or to any regulation which requires interpretation. The complaint, on its face, indicates that only a mathematical application of the regulations is involved. Thus, the action is not founded on a federal right.

The case must be remanded if any of the defendants properly joined and served are New York residents. 28 U.S.C.A. § 1441(b). Defendants admit that Bartell Broadcasting Corp., although a Delaware corporation, has its principal place of business in New York and is, therefore, a citizen of New York. 28 U.S.C.A. § 1332(c). They contend, however, that Bartell Broadcasting Corp. is not "properly joined" since it is not liable, as a matter of substantive law, for the torts of its subsidiary, Bartell Broadcasters, Inc. Defendants ignore the fact that Bartell Broadcasting Corp. is individually charged in paragraph "9" of the complaint with having participated

in the fraud and, hence, is properly joined.

Accordingly, since no federal question is involved and since at least one of the defendants is a New York resident, this court is without jurisdiction. Plaintiffs' motion to remand the action to the Supreme Court, New York County, is granted without costs to either party.

So ordered.