Charles BAKER and Dorothy Baker, husband and wife, and all others parties plaintiff similarly situated along or near Transok Pipe Line Company, an Oklahoma corporation, right-of-way transmission pipeline from Ames, Oklahoma to Oologah, Oklahoma, all within the State of Oklahoma, Plaintiffs,

v.

CENTRAL & SOUTH WEST CORPORATION, a foreign corporation, doing business within the State of Oklahoma, and Public Service Corporation, an Oklahoma corporation, Defendants.

Civ. No. 71–C–347.

United States District Court,
N. D. Oklahoma,
Civil Division.

Dec. 10, 1971.

Gerald E. Kamins, Dale J. Briggs, Tulsa, Okl., for plaintiff.

William C. Anderson, Tulsa, Okl., for Cent. & S. W. Corporation.

Robert L. Lawrence, Tulsa, Okl., for Public Service Corp.

ORDER REMANDING CASE

DAUGHERTY, District Judge.

This case was removed under 28 U.S.C. § 1441(b) to this Court from an Oklahoma State Court by Defendants Public Service Company of Oklahoma and Central and South West Corporation on the ground that Federal jurisdiction exists within the meaning of 28 U.S.C.A. § 1331(a).

Plaintiffs own property which is crossed by a high pressure gas pipeline which they claim is beneficially owned and operated by the Defendants. Plaintiffs' State Court action seeks to enjoin Defendants' use of the pipeline until it is made to conform with applicable safety standards[1] and to recover actual and punitive damages totalling $60,000,000 on a theory of private nuisance. De-

---

1. Plaintiffs ask for an injunction against Defendants using the pipeline until it is, "rendered safe and is constructed in accordance with U.S.A.S. B–31.8–1968, under Oklahoma Statutes 52 O.S.A. §§ 5, 5.1."

fendants have removed on the ground[2] that Plaintiffs have raised questions of the Constitutionality of certain safety standards for pipelines which have been established pursuant to Federal Statute, 49 U.S.C.A. § 1671 et seq. and made effective by Oklahoma State Statute, 52 Okl.Stat.Ann. § 5 et seq. in that they claim they have been denied the equal protection of the laws and due process of law in the promulgation thereof. Defendants assert that such Constitutional question raises a substantial Federal question. Further, that Plaintiffs' nuisance action must fail if the standards or regulations are Constitutionally valid, by reason of the prohibition of 50 Okl. Stat.Ann. § 4. Defendants then conclude, ". . . therefore this action is one arising under the Constitution, laws or treaties of the United States."

Defendants' assertion that Plaintiffs' action arises under the Constitution, laws or treaties of the United States will not withstand analysis. Federal question jurisdiction under 28 U.S. C.A. § 1331(a) requires that the action stand or fall on an interpretation of the Federal Constitution, laws or treaties.[3] Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939, 13 A.L.R.2d 383 (1946).[4] In order to predicate jurisdiction under 28 U.S.C.A. § 1331(a) on such regulations or safety standards in this case they must form a vital or essential element of Plaintiffs' right to recovery. Gully v. First National Bank, *supra;* Skelly Oil Co. v. Phillips Petroleum Co., 174 F.2d 89 (Tenth Cir. 1949), rev. other grounds 339 U.S. 667, 70 S.Ct. 876, 94

2. Defendants' precise removal language is:
   "2. That the above described action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. Sec. 1331, and as such may be removed to this Court by your petitioners, defendants therein, pursuant to the provisions of 28 U.S.C. Sec. 1441, in that one of the grounds alleged in support of plaintiffs' nuisance cause of action is that the minimum standards of natural gas pipe line safety in effect in Oklahoma, as established by federal statutes (49 U. S.C. Sec. 1671 et seq.) and regulations thereunder (49 C.F.R. Sec. 190), state statutes (52 O.S.A. Sec. 5 et seq.) and regulations thereunder (the Oklahoma Corporation Commission Orders promulgating said regulations are General Order No. 66094, adopted June 14, 1967, in Cause No. 23643, and General Order No. 70510, adopted December 4, 1968, in Cause No. 23916), deny plaintiffs equal protection of the laws and were adopted without proper notice and hearing, thereby denying plaintiffs due process of law, all in violation of the plaintiffs' rights under the 5th and 14th Amendments to the Constitution of the United States, and therefore this action is one arising under the Constitution, laws or treaties of the United States."
   In this regard Plaintiffs' Petition states:
   "Plaintiffs Baker have raised questions of the constitutionality of the provisions of U.S.A.S. B–31.8–1968, which provides for lesser safety and

construction standards in rural areas based on population density. This provision denies the country dweller equal protection under the laws. Further, this code was adopted by the U. S. Congress from the pipeline industry's own specifications for construction and is, in effect, a convenience code that was never intended to be a safety code. Its minimum safety and construction standards were adopted without adequate public hearings to give parties interested in the environment an opportunity to plead their cause; this is a denial of due process."

3. The regulations promulgated by the Secretary of Transportation under the authority of 49 U.S.C.A. § 1672(a), while not laws in the sense that they are not acts of Congress or statutes, have the force and effect of law. See Isbell v. Union Light, Heat & Power Co., 162 F.Supp. 471 (Ky.1958).

4. In Bell v. Hood, *supra*, the Court said:
   "Before deciding that there is no jurisdiction, the district court must look to the way the complaint is drawn to see if it is drawn so as to claim a right to recover under the Constitution and laws of the United States. For to that extent 'the party who brings a suit is master to decide what law he will rely upon and . . . does determine whether he will bring a "suit arising under" the [Constitution or laws] of the United States by his declaration or bill.'"

L.Ed. 1194. Nelson v. Leighton, 82 F. Supp. 661 (N.D.N.Y.1949) summarizes the law here involved in clear and precise language.

"In other words, if this action may be maintained without the determination of a federal question, then this Court has no jurisdiction, since the action has a sufficient non-federal foundation to support it. To summarize, to give this Court jurisdiction, (a) this action must be founded upon a claim or right arising under the Constitution or laws of the United States; (b) it must be such that the construction or interpretation of the Constitution or a federal statute will support or defeat the action depending upon the construction or interpretation given by the Court on the trial of the action; (c) a genuine and present controversy must exist as to the construction or interpretation of the Constitution or of a statute of the United States; (d) the controversy must be disclosed upon the face of the complaint, unaided by the answer or petition for removal."

■ Plaintiffs' action is founded on private nuisance under Oklahoma law. Plaintiffs' action does not arise under the Constitution, laws or treaties of the United States. The construction or interpretation of the Federal safety standards (as adopted by Oklahoma) will not support or defeat Plaintiffs' action depending upon the construction or inter-

pretation given by the Court on the trial of the case. Plaintiffs can maintain their action by showing that Defendants failed to meet the safety standards prescribed by the State of Oklahoma. This would not involve a construction or interpretation of such safety standards, rather, whether they have been met. If they have not been met Defendants will not get the benefit of 50 Okl.Stat.Ann. § 4.[5]

Plaintiffs in their State Court Petition have made mention of the question of the constitutionality of Federal safety standards in the language set out in Note 2, *supra.* Such mention was no doubt made in anticipation of the use of 50 Okl.Stat.Ann. § 4 defensively. But Plaintiffs seek an injunction until these very safety standards are met and base the alleged private nuisance on Defendants' failure to meet such safety standards.[6] It is thus quite clear that Plaintiffs' action may be maintained without the determination of a Federal question. Moreover, Plaintiffs' Constitutional Complaints are clearly lacking in substance and hence do not present a substantial Federal question.[7]

Thus, the Court concludes that Plaintiffs' claim is founded on an alleged private nuisance under Oklahoma law and does not arise under the Constitution, laws or treaties of the United States within the meaning of 28 U.S.C. § 1441(b) and § 1331(a). Plaintiffs' Motion to Remand is therefore granted.

5. 50 Okl.Stat.Ann. § 4 provides:
    "Nothing which is done or maintained under the express authority of a statute can be deemed a nuisance."

6. Plaintiffs allege:
    "Plaintiffs herein pray for relief from a private nuisance by a temporary restraining order which would order the closing of the 20" Transok pipeline (hereinafter described) until a hearing can be had and evidence submitted to sustain a permanent injunction closing the 20" Transok pipeline *until such line can be made safe and made to conform with applicable safety and construction standards.*" (Italics added.)
    *       *       *       *       *

" . . . this evidence clearly shows per se violations of the minimum safety and construction standards as adopted by the Corporation Commission under the authority given them by 52 O.S.A. §§ 5, 5.1."

7. There is clearly a rational basis for different pipeline standards in a crowded city and a rural area. As to notice and hearing, these standards stem from legislative action of the Congress. No doubt Plaintiffs recognize a lack of substance in these complaints of unconstitutionality for in their brief they offer to withdraw all allegations challenging the validity of these Federal safety standards.

Defendants' request for oral argument is denied. All other Motions pending in the case are referred to the State Court. The Clerk is directed to effect remand of this case to the State District Court from which it was improvidently removed.